## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT FOR PENNSYLVANIA

| | | |
|---|---|---|
| JORI BRITT, | ) | |
| | ) | |
| *Plaintiff,* | ) | CIVIL NO. |
| | ) | 2:22-cv-01325 |
| v. | ) | |
| | ) | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS; | ) | |
| SECRETARY JOHN E. WETZEL; | ) | |
| SUPERINTENDENT JAMIE SORBER; | ) | |
| DEPUTY AMANDA SIPPLE; | ) | |
| MAJOR GINA CLARK; | ) | |
| CHCA BRITNEY HUNER; | ) | |
| DIRECTOR FOR BHCS JOSEPH J. SILVA; | ) | |
| GRIEVANCE OFFICER DORINA L. VARNER; | ) | |
| GRIEVANCE OFFICER LISA WEST; | ) | |
| GRIEVANCE OFFICER AMANDA WEST; | ) | |
| Sued in Their Individual and Official Capacties. | ) | **JURY DEMAND** |
| | ) | |
| *Defendants.* | ) | |

### AMENDED COMPLAINT

Plaintiff Jori Britt, pro se, bring this action pursaunt to 42 U.S.C. § 1983 for violations of his rights under the Eighth Amendment of the United States Constitution, the Americans With Disabilities Act of 2008 (ADAAA) § 12132 and the Rehabilitation Act of 1973, 29 U.S.C. § 794, seeking monatary, compensatory, declaratory, punitive damages, and injuntcive relief.

### JURISDICTION & VENUE

1.      Plaintiff brings this action pursaunt to 42 U.S.C. § 1983, 28 U.S.C. § 2201, 2202, the Americans With Disabilities Act 42 U.S.C. §§ 12101 et seq., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a).

2.      This court has jurisdiction under 28 U.S.C. § 1331 over the constitution claims as well as othese arising under 42 U.S.C. § 1983, 42 U.S.C. § 12132, and U.S.C. § 794.

3.      venue is proper pursuant to 28 U.S.C. § 1391 (b)(2) because the events giving rise to this action occurred in Montgomery County, Pennsylvania within the Eastern District.

**PARTIES**

4.      Plaintiff is Jori Britt, he is an Inmate currently confined at Pennslavania State

Correctional Institution Phoenix ("SIC") Phoenix, located at 1200 Mokychic Drive, P.O. Box

246, Collegeville, PA 19426.

5.      Defendant John E. Wetzel, is the Secretary of Pennsylvania Department of Corrections,

located at 1920 Technolgy Parkway, Mechanicsburg, PA 17050. He is responsible for the

impomugation, and enforcement of all PADOC policies. Plaintiff sues Mr. Wetzel in his

individual and official capacity.

6.      Defendnat Dorina L. Varner, is the Chief Grievance Officer of Pennsylvania Department

of Corrections, located at 1920 Technolgy Parkway, Mechanicsburg, PA 17050. She is

responsible for processing Inmates grievances and appeals and ensuring all the PADOC's

complies with PADOC policies and regulations. She also promulgates operation policies for the

PADOC. Plaintiff sues Ms. Varner in her individual and official capacity.

7.      Defendant Amanda West, is the Grievance Officer of Pennsylvania Department of

Corrections, located at 1920 Technolgy Parkway, Mechanicsburg, PA 17050.  She is responsible

for processing Inmates grievances and appeals and ensuring all the PADOC's complies with

DOC policies and regulations. She also promulgates operation policies for the PADOC. Plaintiff

sues Ms Amanda West in her individual and official capacity.

8.      Defenant Lias West, is the  Grievance Officer of Pennsylvania Department of

Corrections, locted at 1920 Technolgy Parkway, Mechanicsburg, PA 17050.  She is responsible

for processing Inmates grievances and appeals and ensuring all the PADOC's complies with

PADOC policies and regulations. She also promulgates operation policies for the PADOC.

Plaintiff sues Ms. Lisa West in her individual and official capacity.

-2-

9.      Defendant Joseph J. Silva, is the Director of Brueau of Health Care Services of Pennsylvania Department of Corrections, located at 1920 Technolgy Parkway, Mechanicsburg, PA 17050. He has the authority to approve provision of treatment to Inmates. Plaintiff sues Mr. Silva in his individual and official capacity.

10.     Defendant Jamie Sorber, is the Superintendent at Pennsylvania State Institution Phoenix ("SCI") Phoenix, located at 1200 Mokychic Drive, P.O. Box 246, Collegeville, PA 19426. He ensures that the maintence of the facilities, traning of employees, and overall operations of ("SCI") Phoenix comply with the PADOC policies and regulations. Plaintiff sues Mr. Sorber in his individual and official capacity.

11.     Defendant Mandy Sipple, is the Deputy Superintendent Chief Health Care Administrator Pennsylvania State Correctional Institution at Phoenix ("SCI") Phoenix, located at 1200 Mokychic Drive, P.O. Box 246, Collegeville, PA 19426. Ms. Sipple is responsible for ensuring that the Chief Health Care Administor complies with the PADOC policies and regulations. She also promugates operation policies for the Medical Department and has the authority to approve the provisions of treatment to Inmates. Plaintiff sues Ms. Sipple n her individual and official capacity.

12.     Defendant Gina Clark, is the Major at Pennsylvain State Correctional Institution Phoenix ("SCI") Phoenix, located at 1200 Mokychic Drive, P.O. Box 246, Collegeville, PA 19426. Ms. Clark is responsible for ensuring that the Unit Managers complies with PADOC policies and regulations. She also peomulgates operation policies for the Unit Managers. Plaintiff sues Ms. Clark in her individual and official capacity.

13.     Defendant Britney Huner, is the Chief Health Care Administrator at Pennsylvania State Correctional Institution Phoenix ("SCI"), located at 1200 Mokychic Drive, P.O. Box 246,

Collegeville, PA 19426. She has the authority to approve the provisions of treatment to Inmates. Plaintiff sues Ms. Huner in her Individual and official capacity.

14.     Each Defendant acted under the color of State Law, and all material times, were responsible for the care, custudy, and control of plaintiff's physical & mental health, and safety.

15.     Paragarphs 1-14 are being incorporated by reference as the same set forth fully at length herein.

## I.  FACTUAL ALLEGATIONS

16.     On or about November 20,2019, Plaintiff was omitted into a spyschiatric observation cell [hereinafter POC] at SCI-Phoenix after being denied to practicipate in the Medical Z-Code and/or handicap Cell program and services. (See: attached DC-15 form dated 11/25/2019 as Exhibit A)

17.     Upon Plaintiff being released from the POC, spchologist directed plaintiff to submit a DC ADM-006 Inmate Accommodation Form requesting Medical Z-Code status and/or Handicap Celling.

18.     At all times relevant to this complaint, Plaintiff has a history of various physical & mental health conditions, including a diagnosis for Antisocial Personlity Disorder, Depression, Post Traumactic Stress Disorder-PTSD, Sleep Deficiency, Digestive complications, and learning Disability. Plaintiff also presents symptoms and suffers from manic depression and experiences panic attacks regularly.

19.     Plaintiff also presents symptoms and complications of "PTSD" due to a brutal molested assault against plaintiff. As a result plaintiff is unable to use the bathroom/cell bathroom in the presents of another person/cell mate among other things from the same.

20.     This cause Plaintiff to reframe from eating daily, causing plaintiff weight loss, painful

diagestive compliactions, adnormal bowel & urine complications from the same. Plaintiff also presents symptoms of sleep deficiency causing him headaches, dizzyness, detached from intesrest in life activities, and among other things complications from the same.

21.　　Plaintiff remains on the active mental health roster and receives medication for his physical & mental health diagnosis.

22.　　At all relevant times, Plaintiff was rendered disabled as defined within the ADAAA Act of 2008, and he suffers complications from the same, plaintiff is a qualifed individual with a disability.

23.　　Plaintiff is substantially limited by his disability to perform major bodily functions and life activities, such as eating, sleeping, digestive & bowel complications among other things.

24.　　At all times relevant to this complaint, Defendants Wetzel, Silva, Sorber, Sipple, Clark, Huner, Lisa West, Amanda West, and Varner were aware of a systematic disscriminatory policy, practice, and custom of denying Inmates with mental health disabilities/disorders accommodations, programs, services, and activities when the plaintiff was subjected to inadequate medical care and cruel and unusual punishment.

25.　　On March 18, 2014, **THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS** [hereinafterPADOC] released a Memoramdum to all PADOC Institutions due to prison over-crowdness that there has been an increase in Z-Codes issued to Inmates with mental health illness taking up bed space. (See: attached PADOC memorandum dated March 18, 2014, as Exhibit B)

26.　　On August 1, 2019, the PADOC released a Memorandum to all PADOC Institutions mentally ill Inmates will no longer be issued a Z-Code and will be excluded from practicipating in the Z-Code program Effective August 1, 2019. (See: attched PADOC Memorandum dated August 1, 2019, as Exhibit C)

27.     On December 8, 2019, Defendant Wetzel was the Secretary of PADOC and was responsible for the care, custody or control of plaintiff's adequate physical & mental health care needs and safety.

28.     Defendant Wetzel authorized and approved PADOC policy, practice, and custom of discriminatory treatment of denying accommodations to plaintiff because of his mental health disorder & disabilities, which resulted in the denial of plaintiff's request for accommodation & discrimination in violation of Title II ADAAA Act of 2008, Sections 504 RA, and the Eighth Amendments.

29.     At all times relevant to this complaint, Plaintif made Defendant Wetzel aware the fact plaintiff was being denied adequate medical care, discriminated against, and being denied reasonable accommodations becuase of his disability.

30.     On December 8, 2019, Plaintiff via US Postal First Class Mailing, notified defendant Wetzel at 1920 Technology Parkway, Mechanicsburg PA 17050, among other things due to plaintiff being a victom & servivor of a brutal sexual molestation plaintiff is unable to be housed with another man/inmate, also Plaintiff has had over (22) different cell-mates since being housed at SCI-Phoenix in July of 2018.

31.     The contents of Plaintiff's same December 8, 2019, mail addressed to Defendant Wetzel was plaintiffs signed (102) page Declaration & Complaint notifying Defendnat Wetzel plaintiff was being discriminated against, not receiving adequate medical care, and being denied accommodations. (See: attached signed Declaration & Complaint by plaintiff dated 12/8/2019, as Exhibit D)

32.     On or about December 14, 2019, Ms. Lisa Smith signed and via E-mail addressed to Defendant Wetzel E-mailed Defendant Wetzel a copy of her signed Declaration & Plaintiff's

same complaint.

33.   ·   On or about December 17, 2019, same Ms. Lisa Smith via US First Class mail addressed to Defendant Wetzel at same 1920 Technology Parkway, Mechanicsburg PA 17050, mailed Defendant Wetzel a copy of her same Declaration and plaintiff's complaint. (See: attached Declaration by Ms. Lisa Smith, as Exhibit E)

34.   On or about the end of December 2019, Ms. Evony Wilson signed and via U.S. First Class Mail addressed to Defendant Wetzel at same at 1920 Technology Parkway, Mechanicsburg PA 17050, mailed Defendant Wetzel a copy of her Declaration and a copy of plaintiff's same complaint. (See: attached Declaration of Ms. Evony Wilson, as Exhibit F)

35.   At all times relevant to this complaint, on December 21, 2020, via U.S. First Class Certified Mailing Plaintiff notified Defendant Wetzel of plaintiff's disability and suffering for failure to grant plaintiff's request for accommodations. (See: attached signed notice by Plaintiff dated 12/21/2020, as Exhibit G)

36.   On Fedruary 25, 2020, vai U.S. First Class Certified Mailing, Plaintiff notified Defendant Wetzel of his suffering still, and requested accommodations. (See: attached signed notice by Plaintiff dated 2/25/2020, as Exhibit H)

37.   On Fedruary 28, 2020, Defendant Wetzel signed to receive plaintiff's certifed mailed dated 2/25/2020. (See: Attached Certified Mailing Card signed by Defendant Wetzel dated 2/28/2020, as Exhibit I)

38.   At all times relevant to this complaint, Ms. Lisa Smith & Ms. Evony Wilson contacted Defendant Wetzel's office at #717-728-4110 & #717-728-4122, speaking with a Mr. Muick concerning plaintiff not receiving adequate medical care, being discriminated against, and failure to grant plaintiff's accommodation request, but to no resolve.

39.    At all times material, On March 19, 2020, Plaintiff was denied access to his assigned work area at SCI-Phoenix when he arrived late due to his disability complications.

40.    When Plaintiff made Correctional Officer Glass aware his disability caused plaintiff to arrive late to his work assignment, C/O Glass stated, "Too bad."

41.    At this point, Plaintiff described in great detail that due to plaintiff's disability he is unable to use the bathroom while his cell-mate is in the with plaintiff, that palintiff has to wait until his cell-mate leaves the cell in order for plaintiff to use the bathroom.

42.    At this time, C/O Glass still denied Plaintiff access to his assigned work assignment. This cause Plaintiff loss of pay and denied access to the programs, services, and activities due to his disability complications.

43.    As a result, Plaintiff experience anxiety, depression, embarrassment, and humiliation as plaintiff revealed private personal information to C/O Glass as to plaintiff being a victom of sexual assault and due to this, plaintiff has to wait until his cell-mate is out of the cell to use the bathroom.

44.    On March 31, 2020, on Housing Unit JA Unit, Plaintiff was denied access to the housing unit telephone, shower, kios, and unit yard during a controled recreational period. Defendant Wetzel authorized & approved a lockdown at SCI-Phoenix due to Covid-19. Plaintiff was only allowed out of cell for (15) minutes a day.

45.    During this (15) minute recreational period after plaintiff's celldoor was open for rec, plaintiff's cell-mate exited the cell and plaintiff remained in the cell to use the cell bathroom, when plaintiff tried to exit the cell he was directed by C/O walker and Young to return back to plaintiff's cell. When Plaintiff made C/O walker aware of his disability condition and complications and asked if he could use the telephone, shower, kios, or yard plaintiff was denied.

46.     As a result, Plaintiff experience anxiety, depression, embarrassment, and humiliation as plaintiff revealed private information to C/O Walker & Young as to plaintiff being a victom of sexual assault and due to this, plaintiff has to wait until his cell-mate is out of the cell to use the bathroom.

47.     On April 4, 2021, Plaintiff via U.S. First Class Certified Mailing sent Defendant Wetzel a copy of his DC-804 Grievance dated 4/4/2021, for denying plaintiff's accommodation request. (See: attached copy of signed grievance by Plaintiff dated 4/4/2021, as Exhibit J)

48.   .  On April 23, 2021, Defendant Wetzel signed to receive Plaintiff's same 4/4/2021, U.S. First Class Certified Mail. (See: attached U.S. First Class Certified Mailing Card signed by Defendant Wetzel, as Exhibit K)

49.     As a result of Defendants Huner, Sipple, Clark, Sorber, Silva, Varner, Lisa West, Amanda west, and Wetzel's failure to grant plaintiff's request for reasonable accommodation, plaintiff was subjected to relieving himself in the unit showers in order to gain timely access to the shower, this caused plaintiff anxiety, depression, embarrassment, and humiliation.

50.     As a result, of all Defendants failure to grant plaintiff's request for reasonable accommodations, plaintiff was denied access to the programs, services, and activities due to his disability.

51.     Defendant Wetzel directed and authorized Defendants Huner, Sipple, Clark, Sorber, Silva, Varner, Lisa West, and Amanda west through PADOC policy Effective August 1, 2019, to implement prohibited unconstitutional conditions of confinement subjecting plaintiff to physical & mental harm.

52.     Defendant Wetzel had direct, common, and constructive knowledge plaintiff's physical & mental health was at serious risk of life threatening harm, constant undue pain & suffering, and

deterioration, additionally plaintiff notified and provided Defendant Wetzel his PADOC

administrative staff within the PADOC's are instructing Inmates to serverely harm their

cell-mates to receive and/or keep their Z-Code status. (See: Signed Affidavits by PADOC

Inmates, as Exhibit L)

53.     At this time, Defendant Wetzel had direct knowledge, common knowledge, and

constructive notice plaintiff has had over (22) different cell-mates in under two (2) years time,

due to complications from plaintiff's (PTSD) & digestive disability, causing plaintiff not to eat,

anxiety, fear of sleeping, embarrassment, intimidation, and humiliation.

54.     At this point, Defendnat Wetzel failed to create a policy, custom or procedure to ensure

the security, care, or safety of the plaintiff's physical & mental health and adequate medical care,

this was the result of recklessness, incompetence, deliberate indifference, discrimination, or

oversight on the part of Defendant Wetzel causing plaintiff physical & mental harm, pain and

suffering.

55.     When Plaintiff made Defendant Wetzel aware of plaintiff being discriminated against,

treated deliberately indifferent, denied accommodations, inadequate mediacl care, and denied

programs, services, and activities due to his disability, plaintiff's digestive & (PTSD)

complications cause palintiff to utilize the cell-toilet for extremely extended periods of time, by

failing to grant plaintiff's request for accommodations he will continue to be denied access to the

institution's programs, services, and activities due to not arriving in a timely manner requested by

PADOC policy, through the U.S. Postal Service, Ms. Lisa Smith & Ms. Evnoy Wilson,

DC ADM-006 Inmate Accommodation Form, Grievance System & Appeals to the Secretary's

Office of Grievances and Appeals.

56.     At this point, Defendant Wetzel had administrative involement in the handing of

plaintiff's physical & mental health, meaningful & adequate medical care, but Defendant Wetzel failed to correct and/or grant plaintiff's request for accommodations.

57.     As a result on the part of Defendant Wetzel, Plaintiff suffered weight loss, inadequate medical care, discrimination, digestive & bowel complications, subjecting plaintiff to cruel and unusual punishment.

58.     As a result on the part of Defendant Wetzel,  Plaintiff's protected rights under the ADAAA Act of 2008, Section 504 RA, and Eighth Amendments Rights were violated.

59.     On December 1, 2019, Defendant Sipple was the Deputy Chief Health Care Administrator at SCI-Phoenix and was responsible for the care, custody or control of the Plaintiff's physical & mental health, and safety.

60.     On December 1, 2019, Plaintiff submitted a DC ADM-006 Inmate Accommodation Form at SCI-Phoenix requesting accommodations in the form of a handicap cell and/or medical Z-Code status. (See: attached DC ADM-006 Inmate Accommodation Form dated 12/1/2019, as Exhibit M)

61.     At all times relevant to this complaint, Defendant Huner refused to process same December 1, 2019, DC ADM-006 Inmate Accommodation Form submitted by palintiff.

62.     On March 8, 2020 via First Class U.S. Postal Certified Mailing addressed to Defendant Sipple at SCI-Phoenix, Plaintiff notified Defendant Sipple, Defendant Huner refused to process and/or acknowledge Plaintiff's December 1, 2019, DC ADM-006 Inmate Accommodation Form, also included inside same notice was a request for Defendant Sipple to grant Plaintiff's accommodation, but Plaintiff's request was denied.

63.     On March 11, 2020, Defendant Sipple signed to receive Plaintiff's same March 8, 2020, First Class Certified Mail. (See: attached U.S. Postal Certified Mailing Card signed by Defendant

Sipple dated 3/11/2020, as Exhibit N)

64.     At this time, Plaintiff made Defendant Sipple aware Defendant Huner refused to follow

PADOC DC ADM-006 Policy failing to process plaintiff's same December 1, 2019,

DC ADM-006 Form via U.S. Postal Mail, and the fact plaintiff was suffering and would

continue to suffer if she did not grant plaintiff's request for accommodations.

65.     At this point, Defendant Sipple was aware plaintiff was experiencing the following

symptoms but not limited to: plaintiff suffering & has a diagnosis for Antiscioal Personality

Disorder, Depression, Post Traumactic Stress Disorder-PTSD, plaintiff has had over (22) cell-

mates in under two (2) years time, since being committed into SCI-Phoenix in July of 2018,

extreme constent panic attacks whenever locked in the cell with another person, fear of falling to

sleep while another person is in the cell which keeps plaintiff from sleeping, unable to perform

essential functions, constent abdomenial pains from being forced to hold bowel movements &

urine, constently dizzy, constent migraine headaches, constently hungry & angy, detached from

learning class studys, constent feeling of something terrible happening while in the cell with a

cell-mate, teansed muscles, chest pains, fast heart rate, abdominal cramps, lighheadedness daily,

thoughts of being overly agressivness towards those who make me feel uneasy, change in mood,

decreased appetite, weight loss, forced constipation & digestive complications, slow thinking,

organ failure among other things.

66.     On March 12, 2020, Plaintiff submitted a Inmate Request to Staff Member addressed to

Defendant Sipple inquiring if she was in possession of plaintiff's U.S. Postal Certified Mail dated

March 8, 2020.

67.     On March 24, 2020, Defendant Sipple responded to same Inmate Request to Staff

Member denying she was in possession of and/or received the Certified Mail she signed for on

March 11, 2020. (See attached Inmate Request to Staff Member dated 3/12/2020, as Exhibit O)

68.     On March 27, 2020, Plaintiff submitted a letter via SCI-Phoenix Institutional Mail Box on Housing Unit-J, addressed to Defendant Sipple inquiring if she was in receipt of plaintiff's March 8, 2020 Certified Mail, but Defendant Sipple refused to respond. (See: attached letter signed by Plaintiff dated 3/27/2020, as Exhibit P)

69.     On April 4, 2020, Plaintiff submitted Inmate Request to Staff Member addressed to Defendant Sipple inquiring if she was in possession of same March 8, 2020, U.S. Postal Certified Mail.

70.     On April 6, 2020, Defendant Sipple responed to plaintiff Inmate Requested to Staff Member denying being in receipt of plaintiff's March 8, 2020, Certified Mail she signed for on March 11, 2020. (See: attached Inmate Request to Staff Member addressed to Defendnat Sipple dated 4/4/2020, as Exhibit Q)

71.     On April 9, 2020, Plaintiff submitted a letter via SCI-Phoenix Institutional Mail Box on Housing Unit-JA, addressed to Defendnat Sipple inquiring as to her denial of being in possession of plaintiff's Certified Mail dated March 8, 2020, which was signed for by Defendnat Sipple, attached to same letter was a copy of plaintiff's same March 8, 2020, notice and a copy of the Certified Mailing Card Sipple signed, but Defendant Sipple refused to respond and/or grant plaintiff's request. (See: attached letter addressed to Defendant Sipple dated 4/9/2020, as Exhibit R)

72.     On April 18, 2020, Plaintiff submitted a Inmate Request to Staff Member addressed to Defendant Sipple inquiring if she was in receipt of Plaintiff's April 9, 2020, letter addressed to her.

73.     On April 20, 2020, Defendant Sipple responded to Plaintiff's April 18, 2020, Inmate

Request to Staff Member acknowledging she received plaintiff's U.S. Postal Mail dated March 8,

2020, but Defendant Sipple denied plaintiff's request for accommodations. (See: attached Inmate

Request to Staff Member addressed to Defendant Sipple dated 4/20/2020, as Exhibit S)

74.     On March 11, 2021, Plaintiff submitted a Inmate Request to Staff Member addressed to

Defendant Sipple as to being denied accommodations.

75.     On March 18,2021, Defendant Sipple responded to plaintiff's Inmate Request to Staff

Member, but Defendant Sipple denied to grant plaintiff's request. (See: attached Inmate Request

to Staff Member addressed to Defendant Sipple dated 3/18/2021, as Exhibit T)

76.     At this point, Defendnat Sipple failed to intervene or ensure Defendant Huner followed

the relevant PADOC Code of Ethics and pervisions mandated under the ADAAA, RA,

US Constitutional and/or procedures to ensure the security, care, or safety of plaintiff's physical

& mental health. This was the result of deliberate indifference, recklessness, incompetence or

oversight on the part of Defendant Sipple.

77.     Defendant Huner and Sipple had a ethical and administrative duty as CHCA and as

Deputy of CHCA to acknowledge and timely process plaintiff's December 1, 2019, submitted

DC ADM-006 Inmate Accommodation Form as mandated by PADOC ADM-006 Policy &

procedures, and Code of Ethics, but Defendant Sipple intentionally refused, destroyed plaintiff's

same 12/1/2019, ADM-006 Inmate Accommodation Form and/or grossly disregarded to process

as such.

78.     Defendant Sipple had a leagl, statutory, and ethical obligation to reframe from depriving

plaintiff of meaningful adequate medical care, discrimination, and accommodations, but

subjected plaintiff to cruel and unusual punishment causing a continuous harm to planitiff's

physical and mental health.

79.     Defendant Sipple had physical and constructive possession of plaintiff's December 1, 2019, submitted DC ADM-006 form addressed to her office at SCI-Phoenix, but personally disregarded to acknowledge and/or process same for over a period of Six (6) months. This deliberate, recklessness, and wanton disregard to acknowledge, process and/or grant plaintiff's request for accommodations was cruel and unusual punishment causing plaintiff physical and mental harm.

80.     On sereval occassions Defendants through ADM-006 Inmate Accommodation Request, Inmate Request to Staff Member, personal letters addressed to Defendant Sipple, and through the grievance & appeals system, Defendnat Sipple learned of plaintiff's accommodation request, but Defendnat Sipple refused to grant plaintiff's request for meaningful adequate medical care and accommodations.

81.     At this ponit, Defendnat Sipple had direct and constructive knowledge of plaintiff's physical and mental harm and request for accommodations, but filed to grant palintiff's repeated request.

82.     At all times relevant to this complaint, Defendant Sipple continued to deny being in receipt or having any knowledge of plaintiff's December 1, 2019,  accommodation request submitted to her office, or plaintiff's March 8, 2020, U.S. Certified Mail she signed to receive on March 11, 2020. It wasn't until Plaintiff filed a DC-804 Grievance that Defendant Sorber directed Defendant Sipple to process plaintiff's DC ADM-006 same December 1, 2019, Accommodation Form.

83.     At this point, Defendant Sipple remained steadfast in her denial of being in receipt, having knowledge, and/or being in possession of plaintiff's 12/1/2019, submitted DC ADM-006 Accommodation Form submitted directly to her office on sereval occassions. (See: attached

DC ADM-804 Facility Manager's Appeal Response to Grievance # 857235 signed by Defendant

Sorber date 5/7/2020, as Exhibit U)

84.    When the Plaintiff made Defendant Sipple aware of his physical and mental health needs

and disability, by reporting it through the PADOC DC ADM-006 Form, U.S. Postal Service,

Inmate Request to Staff Member's, the Grievance System, and to the Secretary's Office of

Grievances and Appeals.

85.    At this point, Defendant Sipple had administrative involvement in the handing of

plaintiff's physical and mental health needs, but Defendant Sipple failed to intervene, supervise,

oversee, and ensure to follow the relevant procedure mandated by PADOC Policy under DC

ADM-006, Code of Ethics, ADAAA, RA, and the US Constitution, despite of having the power

to correct and grant plaintiff's request for accommodations.

86.    As a result on the part of Defendant Sipple, Plaintiff suffered weight loss, inadequate

medical care, discrimination, digestive & bowel complications, subjecting plaintiff to cruel and

unusaul punishment.

87.    As a result on the part of Defendant Sipple, Plaintiff's protected rights under the ADAAA

Act of 2008, Section 504 RA, and Eighth Amendments Rights were violated.

88.    On December 1, 2019, Defendant Clark was the Major of SCI-Phoenix and was

responsible for the care, custody or control of plaintiff's adequate physical & mental care needs

and safety.

89.    On March 7, 2020, Plaintiff via U.S. Postal Certified Mailing notified Defendant Clark of

plaintiff's physical & mental health needs as well as Defendant Huner's refusal to process

plaintiff's December 1, 2019, DC ADM-006 Inmate Accommodation Form, and requesting

Defendant Clark to grant plaintiff's request for accommodations. (See: attached U.S. Postal

Cectified Mailing addressed to Defendant Clark dated 3/7/2020, as Exhibit V)

90.     On March 12, 2020, Plaintiff submitted a letter addressed to Defendant Clark inquiring if she was in receipt of Plaintiff's Certified Mail dated March 7, 2020, but Defendant Clark refused to acknowledge and/or respond to plaintiff's letter and request. (See: attached letter addressed to Defendant Clark dated 3/12/2020, as Exhibit W)

91.     On March 27, 2020, Plaintiff submitted a letter via Institutional Mail Box on Housing Unit JA addressed to Defendant Clark providing her with same copy of Plaintiff's Certified Mail addressed to her dated 3/7/2020, requesting accommodations, but Defendant Clark refused to grant plaintiff's request and/or respond. (See: also see Exhibit X)

92.   ˙ On April 4, 2020, Plaintiff submitted a Inmate Request to Staff Member addressed to Defendant Clark inquiring if she was in receipt of Plaintifff's Certified Mail dated March 7, 2020.

93.     On or about the of April 2020, Defendant Clark responded to Plaintiff's Inmate Request to Staff Member dated 4/4/2020, denying Plaintiff's request for accommodations and denying being in receipt of Plaintiff's Certifed Mail addressed to her dated 3/7/2020. (See: attached Inmate Request to Staff Member addressed to Defendant Clark dated 4/4/2020, as Exhibit Y)

94.     At all times relevant, Defendant Clark had common knowledge of Plaintiff's request for accommodations and of Plaintiff's suffering for her failure to grant plaintiff's request.

95.     At this point, Defendant Clark failed to intervene to ensure Defendant Huner followed the relevant PADOC ADM-006, Code of Ethics and pervisions mandated under the ADAAA, RA, and the US Constitution to ensure the security, care, or safety of Plaintiff's physical & mental health. This was the result of deliberate indiffernce, recklessness, wantonness, intentional discrimination, incompetence or oversight on the part of Defendant Clark.

96.     Defendant Huner and Clark had a ethical and administrative duty as CHCA and as the

Major to acknowledge and timely process Plaintiff's December 1, 2019, submitted DC ADM-006 Inmate Accommodation Form as mandated by PADOC ADM-006 Policy & procedures and Code of Ethics, but Defendant Clark intentionally refused and/or destroyed Plaintiff's same 12/1/2019, ADM-006 Inmate Accommodation Form and/or grossly disregarded to process as such.

97.   . Defendant Clark had a legal, statutory, and ethical obligation to reframe from depriving plaintiff of meaningful adequate madical care and accommodations, but subjected plaintiff to cruel and unusual punishment causing a continuous harm to plaintiff's physical & mental health.

98.      Defendant Clark had physical and contructive possession of Plaintiff's December 1, 2019, submitted DC ADM-006 Form addressed to her office at SCI-Phoenix, but personally disregarded to acknowledge and/or process same for over a period of Six (6) months. This deliberate, recklessness, and wantonness disregard to acknowledge, process and/or grant Plaintiff's request for accommodations was intentional discrimination and was cruel and unusual punishment causing plaintiff to suffer physical and mental harm.

99.      On sereval occassions Defendants through ADM-006 Inmate Accommodation Request, Inmate Request to Staff memebr, personal letters addressed to all Defendants including Clark, and through the grievance & appeals system, Defendant Clark learned of Plaintiff's accommodation request, but Defendant Clark refused to grant plaintiff's request for meaningful adequate madical care and accommodations.

100.    At this point, Defendant Clark had direct and contructive knowledge and notice of Plaintiff's suffering and harm to his physical & mental health, and request for accommodations, but failed to grant plaintiff's repeated request, Defendant Clark continued to deny being in receipt or having any knowledge of Plaintiff's December 1, 2019, accommodation request submitted to

her office, or plaintiff's March 7, 2020, Certfied Mail addressed to her.

101.   At this point, Defendant Clark remained steadfast in her denial of being in receipt, having

knowledge, and/or being in possession of plaintiff's 12/1/2019, submitted DC ADM-006 Inmate

Accommodation Form submitted directly to her office on sereval occassions.

102.   When the Plaintiff made Defendant Clark aware of his physical & mental health needs

and disability, by reporting it through the PADOC DC ADM-006 Form, U.S. Postal Service,

Inmate Request to Staff Members, the grievance system, and to the Secretary's Office of

Grievances and Appeals.

103.   At this point, Defendant Clark had administrative involvement in the handling of

Plaintiff's physical & mental health needs, but Defendant Clark failed to intervene, supervise,

oversee, and ensure to follow the relevant procedure mandated by PADOC Policy under DC

ADM-006, Code of Ethics, ADAAA, RA, and the US Constitution, despite of having the power

to correct and grant palintiff's request for accommodations.

104.   As a result on the part of Defendant Clark, Plaintiff suffered weight loss, inadequate

medical care, intentional discrimination, digestive & bowel complications, anxiety,

embarrassment, intimidation, and humiliation, subjecting plaintiff to cruel and unusaul

punishment.

105.   As a result on the part of Defendant Clark, Plaintiff's protected rights under the ADAA

Act of 2008, Section 504, and Eighth Amendments Rights were violated.

106.   At all times relevant to this complaint, on December 1, 2019, Defendant Huner was the

Chief Health Care Administrator of SCI-Phoenix and was responsible for the care, custody, or

control of the Plaintiff's physical & mental health.

107.   On December 1, 2019, Plaintiff submitted a DC ADM-006 Inmate Accommodation Form

at SCI-Phoenix addressed to Defendant Huner requesting accommodations for his disability in the form of a handicap cell/Medical Z-Code status, but Defendant Huner refused to process same DC ADM-006 Inmate Accommodation Form.

108.    On December 1, 2019, Plaintiff made Defendant Huner aware the Plaintiff was requesting accommodation for his physical & mental disability and that his physical & mental health was deteriorating.

109.    Because Defendant Huner refused to acknowledge and/or process Plaintiff's DC ADM-006 Inmate Accommodation Form plaintiff continued to suffer harm to his physical & mental health, Defendant Huner refused to process Plaintiff's DC ADM-006 Inmate Accommodation Form for over Six (6) months. Upon information and belief, after Plaintiff filed a DC-804 Grievance for failure to accommodate and process Plaintiff's 12/1/2019, DC ADM-006 Inmate Accommodation Form, Defendant Huner processed plaintiff's 12/1/2019, DC ADM-006 Inmate Accommdation Form at that time Defendant Huner denied Plaintiff's request. (See: attached DC ADM-006 Inmate Accommodation Form dated June 1, 2020, as Exhibit Z)

110.    On July 24, 2020, Defendant Huner submitted a Inmate Request to Staff Member addressed      to Plaintiff which stated in relevant parts, "this ia an update on your ADA request...this is still pending reviews.", but denying Plaintiff's request for accommodations (See: attached Inmate Request to Staff Memebr dated 7/24/2020, as Exhibit A-A)

111.    On September 10, 2020, Plaintiff submitted a Inmate Request to Staff Member addressed to Defedant Huner inquiring any changes with plaintiff's DC ADM-006 Accommodation Request.

112.    On September 18, 2020, Defendant Huner responded to Plaintiff's Inmate Request to Staff Member and stated, "this was submitted for review, has not returned yet.", but Defendant

Huner continued to deny plaintiff's request for accommodations. (See: attached Inmate Request to Staff Member dated 9/18/2020, as Exhibit B-B)

113.    On March 2, 2021, Plaintiff submitted an Inmate Request to Staff Member addressed to Huner inquiring of his ADA request.

114.    On March 29, 2021, Defendant Huner responded to Plaintiff's Inmate Request to Staff Member and stated, "BHCS has this, I am awaiting on their response." At this time Defendant Huner continued to deny Plaintiff request for accommodation. (See: attached Inmate Request to Staff Member dated 3/29/2021, as Exhibit C-C)

115.    On April 1, 2021, Defendant Huner provided Plaintiff with a copy of her July 24, 2020, denial to Plaintiff's DC ADM-006 Inmate Accommodation Request addressed to Defendant Sorber. (See: attached Defendant Huner's denial to plaintiff's request dated 7/24,2020, as Exhibit D-D)

116.    Upon information and belief, Defendant Huner subjected Plaintiff to continuous inadequate medical care & harm to plaintiff's physical & mental health, pain & suffering, and cruel & unusal conditions of confinement when she refused to timely acknowledge and/or process plaintiff's 12/1/2019, accommodation request some Six (6) months on or about June 1, 2020, and when she denied plaintiff's request on July 24, 2020.

117.    Additionally, Defendant Huner's July 24, 2020, denial of Plaintiff's accommdation request was rendered whitout and/or a reasonable accurate evalvation of plaintiff's physical & mental health, and housing records. For example, Plaintiff was never issued Z-Code status, but only housed alone due to his physical & mental health complication while at SCI-Greaterford, Plaintiff's placement in the POC was a precaution for palintiff's cell-mate and Plaintiff's satety, plaintiff was not placed back on the same housing unit with the same cell-mate after being

released from the POC, but placed on housing Unit JA at SCI-Phoenix

118.  Moreover, Defendant Huner also stated in her xeparte communications, "That Plaintiff was offered to be housed on AC-Status." Under PADOC Policy AC-Status is Administrative Custody a step up from DC-Status, Disciplinary Custody, in no way an accommodation. This establishes Defendant Huner was derelict in her administrative duty to conduct a proper and accurate inquiry of Plaintiff's physical & mental health and housing records before rendering her decision to deny plaintiff's accommodations request.

119.  Notwithstanding, Defendant Huner conceded she was ware of Plaintiff's physical & mental disability diagnosis and complications from the same, but still denied plaintiff's request, Defendant Huner had common knowledge of Plaintiff's request for accommodations and of plaintiff's suffering from her failure to grant plaintiff's request.

120.  At this time, Defendant Huner failed to process, correct and/or grant Plaintiff's DC ADM-006 Inmate Accommodation Request or follow the relevant PADOC DC ADM-006 Policy, Code of Eithics and pervisions mandated under the ADAAA, RA, and the US Constitution to ensure the security, care, or safety of Plaintiff's physical & mental health. This was the result of deliberate indifference, recklessness, wantonness, intentional discrimination, incompetence or oversight on the part of Defendant Huner.

121.  Defendant Huner had a ethical and administrative duty as CHCA to acknowledge and timely process Plaintiff's December 1, 2019, submitted DC ADM-006 Inmate Accommodation Form as mandated by PADOC ADM-006 Policy & procedures and Code of Ethics, but Defendant Huner intentionally refused and/or destroyed Plaintiff's same 12/1/2019, ADM-006 Inmate Accommodation Form and/or grossly disregarded to process as such.

122.  Defendant Huner had a legal, statutory, and ethical obligation to reframe from depriving

Plaintiff of meaningful adequate madical care and accommodations, but subjected plaintiff to

crule and unusual punishment causing a continuous harm to plaintiff's physical & mental health.

123.    Defendant Huner had physcial and contructive possession of Plaintiff's December 1,

2019, submitted DC ADM-006 Form addressed to her office at SCI-Phoenix, but personally

disregarded to acknowledge and/or process same for over a period of six (6) months. This

deliberate, recklessness, and wantonness disregard to acknowledge, process and/or grant

Plaintiff's request for accommodations was intentional discrimination and was cruel and unusual

punishment causing plaintiff to suffer physical & mental harm.

124.    On sereval occassions Defendants learned through DC ADM-006 Inmate

Accommodation Request, Inmate Request to Staff Member, personal letters addressed to all

Defendants including Huner, and through the grievance system & appeals, but Defendant Huner

refused to grant plaintiff's request for meaningful adequate medical care and accommodations.

125.    At this point, Defendant Huner had direct and constructive knowledge and notice of

Plaintiff's suffering and harm to his physical & mental health, and request for accommodations,

but failed to grant plaintiff's request, Defendant Huner continued to deny being in receipt or

having any knowledge of Plaintiff's December 1, 2019, accommodation request submitted to her

office.

126.    At this time, Defendant Huner remained steadfast in her denial of being in receipt, having

knowledge, and/or being in possession of Plaintiff's 12/1/2019, submitted DC ADM-006 Inmate

Accommodation Form submitted directly to her office on sereval occassions until and/or about

June 1, 2020.

127.    When the Plaintiff made Defendant Huner aware of his physical & mental health needs

and disability, by reporting it through the PADOC DC ADM-006 Inmate Accommodation Form,

US Postal Service, Inmate Request to Staff Member, the Grievance System, and to the Secretary's Office of Grievances & Appeals.

128.   At this point, Defendant Huner had administrative involvement in the handling of Plaintiff's physical & mental health needs, but failed to intervene, supervise, oversee, and ensure to follow the relevant procedure mandated by PADOC Policy under DC ADM-006, Code of Ethics, ADAAA, RA, and the US Constitution, despite having the power to correct and grant plaintiff's request for accommmdations.

129.   As a result on the part of Defendant Huner, Plaintiff suffered weight loss, inadequate medical care, intentional disrimination, digestive & bowel complications, anxiety, embarrassment, intimidation, and humiliation, subjecting plaintiff to cruel and unusual punishment.

130.   As a result on the part of Defendant Huner, Plaintiff's protected rights under the ADAAA, RA, Section 504, and Eighth Amendments Rights were violated.

131.   On March 7, 2020, Defendant Sorber was the Superintendent of SCI-Phoenix and was responsible for the care, custody, or control of Plaintiff's physical & mental health needs and safety.

132.   When the Plaintiff made Defendant Sorber aware he was being denied access to the programs, services, activities, plaintiff's suffering, physical & mental health disability needs, discrimination, and denial of accommodations, by reporting the mistreatment through the grievance system & appeals to the Facility Manager.

133.   At this time, Defendant Sorber had administrative involvement because on sereval ocassions including July 28, 2020, he approved and authorized the denial of Plaintiff's request for accommodations and adequate medical care. (See: attached Defendant Sorber's denial for

accommodations addressed to Defendant Silva dated July 28, 2020, as Exhinit E-E)

134.    At this point, Sorber failed to correct the denial for accommodation and intentonal discrimination listed in DC ADM-006 Inmate Accommodation, grievances, and appeals to Facility manager while in the hands of Defendants Sipple, Clark, and Huner. This caused the Planitiff to continue to suffer harm to his physcial & mental health.

135.    Superintendent Sorber was specifically tasked with facilitating this denial of accommodations and  was responsible for the care, custody, or control of plaintiff's accommodations request and adequate medical care

136.    On March 26, 2020, March 31, 2020, July 28, 2020, April 4, 2021, and June16, 2021, Defendant Sorber failed to intervene, supervise, oversee, and ensure that Defendants Sipple, Clark, and Huner followed the relevant procedures mandated by PADOC Policy, Code of Ethics, ADAAA, RA, and the US Constitution, despite Sorber being in the best position to correct the problem and grant Plaintiff's request for accommodations. This was the result of deliberate indifference, recklessness, wantonness, discrmination on the part of Defendant Sorber.

137.    As a result on the part of Defendant Sorber, Plaintiff suffered weight loss, inadequate medical care, intentional discrimination, digestive & bowel complication, anxiety, embarrassment, intimidation, humiliation, subjecting plaintiff to crule and unusual punishment, and denying plaintiff access to the programs, services, and activities.

138.    As a result on the part of Defendant Sorber, Plaintiff's protected rights under the ADAAA Act of 2008, RA Section 504, and Eighth Amendments rights were violated.

139.    On MArch 17, 2020, Defendant Silva was the director of health care service of Pennsylvania Department of Corrections and was responsible for the care, custody, or control of the Plaintiff's physcial & mental health.

140.    On March 17, 2020, via US Postal Certified Mail, Plaintiff notified Defendant Silva of

the inactions and failures of all Defendants including Wetzel, Huner, Sipple, and Clark's

deliberate indifference and denial to grant plaintiff's DC ADM-006 Inmate Accommodaton

Request.

141.    On March 30, 2020, Defendant Silva signed to receive Plaintiff's same U.S. Postal

Certified Mail addressed to Defendant Silva. (See: attached US Certified Mail signed by

Defendant Silva dated 3/30/2020, as Exhibit F-F)

142.    On March 30, 2020, Defendant Silva was made aware Plaintiff was suffering and his

physical & mental health was deteriorating due to being denied reasonable accommodations.

Within the contents of same received mail by Defendant Silva copies of same documentation

sent all Defendants inculding Defendants Wetzel, Sipple, Clark, and Huner detailing plaintiff's

disability, symtoms, and complications from the same.

143.    At this point, Defendant Silva failed to intervene to ensure the security, care, safety of

plaintiff'sphyscial & mental health needs. This was the result of deliberate indifference,

recklessness, intentional discrimination, carelessness, incompetence, or oversight on the aprt of

Defendant Silva.

144.    When the Plaintiff made Defendant Silva aware of his physcial & mental health

disabilities, and being denied access to programs, services, and avtivitie by reporting it through

the U.S. Postal Service, DC ADM-006 Inmate Accommdation Request, grievances system &

appeals to the Security's Office of Grieavcnes & Appeals.

145.    At this point, Defendant Silva had administrative involvement in the handling of

Plaintiff's physical & mental health and disability needs, but Defendant Silva failed to correct

and/or grant plaintiff's request for accommodations. This caused Plaintiff to continue to suffer

weight loss, inadequate medical care, intentional discrimination, digestive & bowel complication,

anxiety, embarrassment, intimidation, humiliation, subjecting plaintiff to crule and unusual

punishment, and denying plaintiff access to the programs, services, and activities.

146.    Defendant Silva was specifically tasked with facilitating this denial of accommodations

and  was responsible for the care, custody, or control of plaintiff's accommodations request and

adequate medical care.

147.    At this point, Defendant Silva had a legal, statutory, and ethical obligation to reframe

from depriving Plaintiff of meaningful adequate madical care and accommodations, but

subjected plaintiff to crule and unusual punishment causing a continuous harm to plaintiff's

physical & mental health.

148.    Defendant Silva had physcial and contructive possession of Plaintiff's December 1, 2019,

submitted DC ADM-006 Form addressed to his office at 1920 Technology Pkw, Mechanicsburg,

PA 17050, but personally disregarded to acknowledge and/or process same for over a period of

six (6) months. This deliberate, recklessness, and wantonness disregard to acknowledge, process

and/or grant Plaintiff's request for accommodations was intentional discrimination and was cruel

and unusual punishment causing plaintiff to suffer physical & mental harm.

149.    At this point, Defendant Silva had direct and constructive knowledge and notice of

Plaintiff's suffering and harm to his physical & mental health, and request for accommodations,

but failed to grant plaintiff's request, Defendant Silva continued to deny being in receipt or

having any knowledge of Plaintiff's December 1, 2019, accommodation request submitted to his

office.

150.    As a result on the part of Defendant Silva, Plaintiff suffered weight loss, inadequate

medical care, intentional discrimination, digestive & bowel complication, anxiety,

embarrassment, intimidation, humiliation, subjecting plaintiff to crule and unusual punishment, and denying plaintiff access to the programs, services, and activities.

151.    As a result on the part of Defendant Silva, Plaintiff's protected rights under the ADAAA Act of 2008, RA Section 504, and Eighth Amendments rights were violated.

152.    At all times relevant to this complaint, on March 26,2020, March 31, 2020, July 28, 2020, April 4, 2021, June 16, 2020, and April 4, 2021, Defendant Varner was the Chief Grievance Officer of Pennsylvania Department of Corrections and was responsible for the care, custody, or control of Plaintiff's physical & mental health disability needs.

153.    On April 4, 2021, Defendant Verner was resposible for processing Plaintiff's PADOC DC 804 Grievances and Appeals and had common, prior, and constructive knowledge Plaintiff was forced to participate in an unusaual policy, practice, or costom of inadequate medical care, intentional discrimination, and denial of programs, serivces, and avtivities due to plaintiff's disability.

154.    At this point, Defendant Varner failed to intervene, supervise, oversee and ensure that Plaintiff received adequate medical care and accommodations protected by the ADAAA Act of 2008, RA Section 504, and the US Constitution.

155.    When the Plaintiff made Defendant Varnr aware of his physical & mental health and disability needs, inadequate medical care through the grievance system & appeals to the Secretary's Office of grievances and appeals.

156.    At this point, Defendant Varner had administrative involvement in the handling of Plaintiff's physical & mental health needs, and adequate medical care, but failed to correct and/or grant plaintiff's request for accommodation. This caused Plaintiff to continue to suffer weight loss, inadequate medical care, intentional discrimination, digestive & bowel complication,

anxiety, embarrassment, intimidation, humiliation, subjecting plaintiff to crule and unusual

punishment, and denying plaintiff access to the programs, services, and activities.

157.    At this point, Defendant Varner had a legal, statutory, and ethical obligation to reframe

from depriving Plaintiff of meaningful adequate madical care and accommodations, but

subjected plaintiff to crule and unusual punishment causing a continuous harm to plaintiffs

physical & mental health.

158. · Defendant Varner had physcial and contructive possession of Plaintiffs December 1,

2019, submitted DC ADM-006 Form addressed to her office at 1920 Technology Pkw,

Mechanicsburg, PA 17050, but personally disregarded to acknowledge and/or process same for

over a period of six (6) months. This deliberate, recklessness, and wantonness disregard to

acknowledge, process and/or grant Plaintiffs request for accommodations was intentional

discrimination and was cruel and unusual punishment causing plaintiff to suffer physical &

mental harm.

159.    At this point, Defendant Varner had direct and constructive knowledge and notice of

Plaintiffs's suffering and harm to his physical & mental health, and request for accommodations,

but failed to grant plaintiffs request, Defendant Varner continued to deny Plaintiffs's request for

accommodation request submitted to her office.

160.    As a result on the part of Defendant Varner, Plaintiff suffered weight loss, inadequate

medical care, intentional discrimination, digestive & bowel complication, anxiety,

embarrassment, intimidation, humiliation, subjecting plaintiff to crule and unusual punishment,

and denying plaintiff access to the programs, services, and activities.

161.    As a result, Defendant Varner failed to process, correct and/or grant Plaintiffs DC

ADM-006 Inmate Accommodation Request or follow the relevant PADOC DC ADM-006

Policy, Code of Eithics and pervisions mandated under the ADAAA, RA, and the US

Constitution to ensure the security, care, or safety of Plaintiff's physical & mental health. This

was the result of deliberate indiffernce, recklessness, wantonness, intentional discrimination,

incompetence or oversight on the part of Defendant Huner.

162.    As a result on the part of Defendant Varner, Plaintiff's protected rights under the ADAAA

Act of 2008, RA Section 504, and Eighth Amendments rights were violated.

163.    At all times relevant to this complaint, on March 26,2020, March 31, 2020, July 28, 2020,

April 4, 2021, June 16, 2020, and April 4, 2021,  Defendant Amanda West [hereinafter A. West]

was the Grievance Officer of Pennsylvania Department of Corrections and was resopsible for the

care, custody, or control of Plaintiff's physical & mental health, disability needs, and safety.

164.    On April 4, 2021, Defendant A. West was resposible for processing Plaintiff's PADOC

DC 804 Grievances and Appeals and had common, prior, and constructive knowledge Plaintiff

was forced to participate in an unusaual policy, practice, or costom of inadequate medical care,

intentional discrimination, and denial of programs, serivces, and avtivities due to plaintiff's

disability.

165.    At this point, Defendant A. West failed to intervene, supervise, oversee and ensure that

Plaintiff received adequate medical care and accommodations protected by the ADAAA Act of

2008, RA Section 504, and the US Constitution.

166.    When the Plaintiff made Defendant A.West aware of his physical & mental health and

disability needs, inadequate medical care through the grievance system & appeals to the

Secretary's Office of grievances and appeals.

167.    At this point, Defendant A. West had administrative involvement in the handling of

Plaintiff's physical & mental health needs, and adequate medical care, but failed to correct and/or

grant plaintiff's request for accommodation. This caused Plaintiff to continue to suffer weight loss, inadequate medical care, intentional discrimination, digestive & bowel complication, anxiety, embarrassment, intimidation, humiliation, subjecting plaintiff to crule and unusual punishment, and denying plaintiff access to the programs, services, and activities.

168.    At this point, Defendant A.West had a legal, statutory, and ethical obligation to reframe from depriving Plaintiff of meaningful adequate madical care and accommodations, but subjected plaintiff to crule and unusual punishment causing a continuous harm to plaintiff's physical & mental health.

169.    Defendant A. West had physcial and contructive possession of Plaintiff's December 1, 2019, submitted DC ADM-006 Form addressed to her office at 1920 Technology Pkw, Mechanicsburg, PA 17050, but personally disregarded to acknowledge and/or process same for over a period of six (6) months. This deliberate, recklessness, and wantonness disregard to acknowledge, process and/or grant Plaintiff's request for accommodations was intentional discrimination and was cruel and unusual punishment causing plaintiff to suffer physical & mental harm.

170.    At this point, Defendant A. West had direct and constructive knowledge and notice of Plaintiff's suffering and harm to his physical & mental health, and request for accommodations, but failed to grant plaintiff's request, Defendant A. West continued to deny Plaintiff's request for accommodation request submitted to her office.

171.    As a result on the part of Defendant A. West, Plaintiff suffered weight loss, inadequate medical care, intentional discrimination, digestive & bowel complication, anxiety, embarrassment, intimidation, humiliation, subjecting plaintiff to crule and unusual punishment, and denying plaintiff access to the programs, services, and activities.

172.    As a result on the part of Defendant A. West, Plaintiff's protected rights under the

ADAAA Act of 2008, RA Section 504, and Eighth Amendments rights were violated.

173.    As a result on Defendant A. West failed to process, correct and/or grant Plaintiff's DC

ADM-006 Inmate Accommodation Request or follow the relevant PADOC DC ADM-006

Policy, Code of Eithics and pervisions mandated under the ADAAA, RA, and the US

Constitution to ensure the security, care, or safety of Plaintiff's physical & mental health. This

was the result of deliberate indiffernce, recklessness, wantonness, intentional discrimination,

incompetence or oversight on the part of Defendant A. West.

174.    At all times relevant to this complaint, on March 26,2020, March 31, 2020, July 28, 2020,

April 4, 2021, June 16, 2020, and April 4, 2021,  Defendant Lisa West [hereinafter L. West] was

the Grievance Officer of Pennsylvania Department of Corrections and was resopsible for the

care, custody, or control of Plaintiff's physical & mental health, disability needs, and safety.

175.    On April 4, 2021, Defendant L. West was resposible for processing Plaintiff's PADOC

DC 804 Grievances and Appeals and had common, prior, and constructive knowledge Plaintiff

was forced to participate in an unusaual policy, practice, or costom of inadequate medical care,

intentional discrimination, and denial of programs, serivces, and avtivities due to plaintiff's

disability.

176.    At this point, Defendant L. West failed to intervene, supervise, oversee and ensure that

Plaintiff received adequate medical care and accommodations protected by the ADAAA Act of

2008, RA Section 504, and the US Constitution.

177.    When the Plaintiff made Defendant L. West aware of his physical & mental health and

disability needs, inadequate medical care through the grievance system & appeals to the

Secretary's Office of grievances and appeals.

178.    At this point, Defendant L. West had administrative involvement in the handling of

Plaintiff's physical & mental health needs, and adequate medical care, but failed to correct and/or

grant plaintiff's request for accommodation. This caused Plaintiff to continue to suffer weight

loss, inadequate medical care, intentional discrimination, digestive & bowel complication,

anxiety, embarrassment, intimidation, humiliation, subjecting plaintiff to crule and unusual

punishment, and denying plaintiff access to the programs, services, and activities.

179.    At this point, Defendant L.West had a legal, statutory, and ethical obligation to reframe

from depriving Plaintiff of meaningful adequate madical care and accommodations, but

subjected plaintiff to crule and unusual punishment causing a continuous harm to plaintiff's

physical & mental health.

180.    Defendant L. West had physcial and contructive possession of Plaintiff's December 1,

2019, submitted DC ADM-006 Form addressed to her office at 1920 Technology Pkw,

Mechanicsburg, PA 17050, but personally disregarded to acknowledge and/or process same for

over a period of six (6) months. This deliberate, recklessness, and wantonness disregard to

acknowledge, process and/or grant Plaintiff's request for accommodations was intentional

discrimination and was cruel and unusual punishment causing plaintiff to suffer physical &

mental harm.

181.    At this point, Defendant L. West had direct and constructive knowledge and notice of

Plaintiff's suffering and harm to his physical & mental health, and request for accommodations,

but failed to grant plaintiff's request, Defendant A. West continued to deny Plaintiff's request for

accommodation request submitted to her office.

182.    As a result on the part of Defendant L. West, Plaintiff suffered weight loss, inadequate

medical care, intentional discrimination, digestive & bowel complication, anxiety,

embarrassment, intimidation, humiliation, subjecting plaintiff to crule and unusual punishment, and denying plaintiff access to the programs, services, and activities.

183.    As a result on the part of Defendant L. West, Plaintiff's protected rights under the ADAAA Act of 2008, RA Section 504, and Eighth Amendments rights were violated.

184.    As a result Defendant L. West failed to process, correct and/or grant Plaintiff's DC ADM-006 Inmate Accommodation Request or follow the relevant PADOC DC ADM-006 Policy, Code of Eithics and pervisions mandated under the ADAAA, RA, and the US Constitution to ensure the security, care, or safety of Plaintiff's physical & mental health. This was the result of deliberate indiffernce, recklessness, wantonness, intentional discrimination, incompetence or oversight on the part of Defendant L.West.

185.    Under PADOC Policy, as in Inmate with a physical & mental health disability, Plaintiff is not allowed to receive a medical Z-Code or Handicap Cell accommodation.

186.    As a result of the implementation, promulgation, and/or enforement of this policy by Defendants Wetzel, Silva, Sorber, Sipple, Clark, Huner, Varner, A. West, and L. West Plaintiff has been unable to participate the programs, services, and activities.

187.    Notwithstanding Plaintiff's documented physical & mental health conditions his request for approrite physical & mental health treatment have been denied.

188.    Because Plaintiff has not received appropriate physical & mental health care, plaintiff has experienced increased psychological problems including anxiety, loss of sleep, weight loss, panic attacks, forced withheld bowel and urine movements, helplessness, hopelessness, rage, and hostility.

189.    As described above, Plaintiff reasonable request for medical treatmnet have been denied and such has exsposed him to undue suffering and treat of tangible residual injury.

190.    Pursuant to the ADAAA and RA Section 504 mandated by the Department of Justice
(DOJ) Title II of the ADAAA both but not limited to § 504 provide plaintiff access to accessible
toilet & shower facilities 28 C.F.R. pt. 35, app. A, at 663 (2007) inmates with major psychiatric
disorders & disabilities shall not be excluded from programs, services, and activities within the
PADOC that are supported in part by federal funding, and is a public entity under the ADAAA & RA.

191.    The PADOC denied plaintiff a range of services, programs, and activities in prsion to
which he would have had access were it not for his physical & mental-illness, imparments and
disabilities.

192.    The PADOC, because of plaintiff's physical & mental illness impairment disability,
denied him a range of services, porgrams, and activities that are supported in part by fedreal
funding.

193.    As a result, the PADOC and all Defendants Wetzel, Silva, Sorber, Sipple, Clark, Huner,
Varner, L. West, and A. West denied plaintiff's repeated request for reasonable accommodations,
denying him access to accessible toilet & shower, meals & meal dinning hall, educational
vocational classes, assigned work assignment, use of telephone to contant family, friends, and
attorney, kiso, sick-call appointments, religious services, recreational yard opportunities, and
timely arrival to visitation on an excessive number of occasions well over a period of six (6)
months.

194.    As a result, on the part of the PADOC and all Defendants Wetzel, Silva, Sorber, Sipple,
Clark, Huner, Varner, L. West, and A. West's failure to grant plaintiff's reasonable
accommodation request he was subjected to unwanted and forceful regurgitating and defecating
on himself in the presence of his cell-mates out of fear due to plaintiff's mental imparment
disorder disability substantially restricting him from using the toilet in the presence of his cell-

mates/another man.

195.   As a result, on the part of the PADOC and all Defendants Wetzel, Silva, Sorber, Sipple, Clark, Huner, Varner, L. West, and A. West plaintiff has been subjected to having over twenty-five (25) different cell-mates as to-date over the course of two (2) years time, this caused plaintiff to be committed into the (POC) and have varbal & physical confrontations with an excessive number of cell-mates.

196.   As a result, this caused plaintiff undue physical & mental injury pain and suffering, but not limited to: weight loss, digestive & bowle complications, anxiety, embarrassment, intimidation, humiliation, depression, loss of sleep, an excessive number of sick-call visits, psychiatric changes in medication, but to no resolve, unsanitary and unhumane conditions of confinement and complaints to the PADOC and all defendants Wetzel, Silva, Sorber, Sipple, Clark, Huner, Varner, L. West, and A. West, but to no resolve.

197.   As a result, on the part of the PADOC and all Defendants Wetzel, Silva, Sorber, Sipple, Clark, Huner, Varner, L. West, and A. West's failure to accommodate-plaintiff was subjected to defecating & releaving himself in the shower in order to gain access to the shower and use the shower as an toilet during and-over a six (6) month lock-down, plaintiff was only permitted (15) minuts a day out of his cell for recreational reasons, this caused plaintiff undue injury pain & suffering, anxiety, embarrassment, humiliation, and depression.

198.   At all times relevant to this complaint, during the period of and-over this six (6) month lock-down plaintiff was subjected to using the unit shower as a toilet to defecate due to being denied access to an accessible toilet & shower, although there is a toilet in plaintiff's assigned cell it's unaccessible to plaintiff due to his physical & mental imparments substantially restricting him from using the toilet in the presence of another man/cell-mate.

199.   During this over six (6) month lock-down there were days when the (15) minute recreational opportunities were not afforded to plaintiff and lifted for an axcessive number of day at a time, this caused plaintiff to refram from eating, drinking any fluids, and withholding his bowle & rine movements out of fear of being forced to defecating on himself due to the cell toilet being unaccessible to plaintiff while a cell-mate/another man is present. This caused plaintiff to deprive his body of the essential & necessary daily nurutuions needed to properly function correctly.

200.   The nature of Plaintiff's confinement in a double cell setting housed with another inmate, as descibed above exacerbates his physical & mental health condition.

201. .   As long as Plaintiff remains placed on double cell status and housed with another inmate, plaintiff's physical & mental health condition will worsen and his serious medical needs will not receive proper treatment. As Plaintiff's physical & mental health condition worsens, he will be more and more unable to comply with population rules and will not be eligible to gain access to programs, services, and activities.

202.   Defendants Wetzel, Silva, Sorber, Sipple, Clark, Huner, Varner, A. West, and L. West are deliberately indifferent to Plaintiff's serious physical & mental health and disability needs.

203.   By virtue of their office and authority, Defendants Wetzel, Silva, Sorber, Sipple, Clark, Huner, Varner, A. West, and L. West have the power to ensure that medical and prison staff are not deliberately indifferent to plaintiff's serious medical needs.

204. ·   At all times relevant Defendants Wetzel, Silva, Sorber, Sipple, Clark, Huner, Varner, A. West, and L. West on sereval occassions were made aware their failure to grant Plantiff's request for accommodations he would continue to be denied access to timely arrival to visitation appointments, denied access to the institutional dinning meal hall, assigned work assignment, educational vocational classes, recreational opprotunities, telephone, showers, and kios as plaintiff complainted about on sereval occassions.

205.   Plaintiff has exhausted his administrative remedies for all of his claims.

## COUNT I

### 8TH AMENDMENT DENIAL OF MEDICAL CARE CLAIM AGAINST DEFENDANTS WETZEL, SILVA, SORBER, SIPPLE, CLARK, HUNER, VARNER, A. WEST, AND L. WEST

206.   Paragarphs 1-205 are being incorporated by ferernce as the same set forth fully at lenght herein.

207.   The failure of Defendants Wetzel, Silva, Sorber, Sipple, Clark, Huner, Varner, A. West, and L. West to ensure the provision of constitutionally required medical care to the plaintiff set forth fully in the complaint demonstrates deliberate indifference to plaintiff's serious medical needs and deliberate indifference to the failure of their subordinates to provide him contitutionally required medical care in violation of his rights under the Eighth Amendment to the U.S. Constitution.

   **WHEREFORE,** Plaintiff respectfully prays that this honorable Court grant the following relief:

1.   A declaration by the Court that:

    (a).   Plaintiff has a physical & menatl health condition that is a serious medical need;

    (b).   Plaintiff has not received adequate treatment for his serious medical need;

    (c).   Placement under double cell status and with another inmate makes plaintiff's mental & physical health condition worse;

    (d).   As long as Plaintiff is in a double cell status setting housed with another inmate, he will not be able to receive appropriate treatmnet for his serious phyiscal

& mental medical needs;

(e). Declare that Defendants Wetzel, Silva, Sorber, Sipple, Clark, Huner, Varner, A. West, and L. West violated Plaintiff's Eighth Amendment Rights clause for deliberate indifference for failure to intervene;

2. Compensatory and punitive damages:

(a). Compensatory and punitive damages against Defendants Wetzel, Silva, Sorber, Sipple, Clark, Huner, Varner, A. West, and L. West jointly and severally in an amount to be determined at trial for each day plaintiff has spent in a double cell status setting;

(b). Norminal damages;

(c). Reasonable attorney's fees and Pliantiff's costs in this suit; and

(d). Any additional relief this Court deems just, proper, and equitable.

3. An injuction ordering:

Defendants Wetzel, Silva, Sorber, Sipple, Clark, Huner, Varner, A. West, and L. West to transfer plaintiff out of double cell status to medical Z-Code and/or handicap cell status appropriate for his physical & mental health needs.

## COUNT II

### 8TH AMENDMENT FAILURE TO INTERVENE CLAIM AGAINST DEFENDANTS WETZEL, SILVA, SORBER, SIPPLE, CLARK, HUNER, VARNER, A. WEST, AND L. WEST

208. Paragarphs 1-207 are being incorporated by feremce as the same set forth fully at lenght herein.

209.    The failure of Defendants Wetzel, Silva, Sorber, Sipple, Clark, Huner, Varner, A. West, and L. West to ensure the provision of Constitutionally required protection from crule and unusual punishment conditions of confinement to the plaintiff set forth fully in this complaint demonstrates deliberate indifference to plaintiff's serious physical & mental health needs and deliberate indifference to the failure of their subordinates to provide plaintiff constitutionally required humane conditions of confinement free of risk of harm to his physical & mental health in violation of his rights under the Eighth Amendment to the U.S. Constitution.

**WHEREFORE,** Plaintiff respectfully prays that this honorable Court grant the following relief:

1.    A declaration by the Court that:

(a).    Plaintiff has a physical & menatl health condition that is a serious medical need;

(b).    Plaintiff has not received adequate treatment for his serious medical need;

(c).    Placement under double cell status and with another inmate makes plaintiff mental & physical health condition worse;

(d).    As long as Plaintiff is in a double cell status setting housed with another inmate, he will not be able to receive appropriate treatmnet for his serious physical & mental medical needs;

(e).    Declare that Defendants Wetzel, Silva, Sorber, Sipple, Clark, Huner, Varner, A. West, and L. West violated Plaintiff's Eighth Amendment Rights clause for deliberate indifference for failure to intervene;

2.    Compensatory and punitive damages:

(a).    Compensatory and punitive damages agisnt Defendants Wetzel, Silva,

Sorber, Sipple, Clark, Huner, Varner, A. West, and L. West jointly and

sevrerally in an amount to be determined at trial for each day plaintiff has

spent in a double cell status setting;

(b).   Norminal damages;

(c).   Reasonable attorney's fees and Pliantiff's costs in this suit; and

(d).   Any additional relief this Court deems just, proper, and equitable.

3.   An injuction ordering:

Defendants Wetzel, Silva, Sorber, Sipple, Clark, Huner, Varner, A. West, and L.

West to transfer plaintiff out of double cell status to medical Z-Code and/or

handicap cell status appropriate for his physical & mental health and disability

needs.

## COUNT III

## FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADAAA AND RA CLAIM

## AGAINST DEFENDANTS WETZEL, SILVA, SORBER, SIPPLE, CLARK, HUNER,

## VARNER, A. WEST, AND L. WEST

210.   Paragarphs 1-209 are being incorporated by ferernce as the same set forth fully at lenght

herein.

111.   As set forth fully in this complaint, Defendants Wetzel, Silva, Sorber, Sipple, Clark,

Huner, Varner, A. West, and L. West through their implementation, promulgation, and/or

enforcedment of PADOC policy have denied plantiff's request and/or access to medical Z-Code

status and/or handicap cell status, institutional meal dinning hall, timely visitation arrival,

acessible toilet, shower, educational vocational classes, recreational opprtunties, telephone, and

kios, and have therefore deprived plaintiff of his protected rights ensured under the ADAAA and

RA denying him access to the programs, services, and activities.

112.    This demonstrates deliberate indifference to the failure of their subordinates to provide accommodations required under the ADAAA and RA, in violation of his protected rights under the ADAAA and RA.

WHEREOFRE, Plaintiff respectfuly prays that this Court enter Judgement granting him:

(a).    A declaration by the Court that the policy denying plaintiff access to the programs, services, activities, and reasonable accommodations is in violation of the rights ensured under the ADAAA and RA;

(b).    Plaintiff ia a qualified individual with a disability as definded within the ADAAA and RA;

(c).    Plaintiff was excluded from participating in the programs, services, and activities;

(d).    An injunction ordering Defendants Wetzel, Silva, Sorber, Sipple, Clark, Huner, Varner, A. West, and L. West to grant plaintiff's accommodation request in the form of medical Z-Code status and/or medical handicap cell status;

(e).    An injunction ordering PADOC and Defendants Wetzel, Silva, Sorber, Sipple, Clark, Huner, Varner, A. West, and L. West from future retaliation for bring this suit and reporting the violations of the ADAAA and RA which such retaliation is prohibited under the ADAAA, RA, and U.S. Constitution;

(f).    Compensatory damages against Defendants Wetzel, Silva, Sorber, Sipple, Clark, Huner, Varner, A. West, and L. West jointly and serverally

for each day that plantiff has been unable to receive accommodation and on double celling status;

(g).    Compensatory damages against Defendants Wetzel, Silva, Sorber, Sipple, Clark, Huner, Varner, A. West, and L. West for each day that plaintif was unbale to receive a reasonable accommodation and remained on double celling status;

(h).    Nomanal damages;

(i).    Punitive damages against Defendants Wetzel, Silva, Sorber, Sipple, Clark, Huner, Varner, A. West, and L. West;

(j).    Reasonable attorney;s fees and plaintiff's costs in this suit;

(k).    Any additional relief this Court deems just, proper, and equitable.

## COUNT IV

## DISCRIMINATION IN VIOLATION OF THE ADAAA AND RA CLAIM AGAINST DEFENDANTS WETZEL, SILVA, SORBER, SIPPLE, CLARK, HUNER, VARNER, A. WEST, AND L. WEST

113.   Paragarphs 1-211 are being incorporated by reference as the same set forth fully at length herein .

114.   As set forth fully in this complaint, Defendants Wetzel, Silva, Sorber, Sipple, Clark, Huner, Varner, A. West, and L. West through PADOC policies Defendant Wetzel implemented, promulgated, and/or enforced, allowed plaintiff to be discriminated against because of his disability and due to prison overcrowdness, thereby causing plaintiff to be deprived of protections required under the ADAAA and depriving him of his rights under the RA.

115.   Plaintiff was denied the opportunity to participate in the programs, services, activities,

and benefits afforded to other inmates because of his disability.

**WHEREOFRE**, Plaintiff respectfuly prays that this Court enter Judgement granting him:

(a).    A declaration by the Court that the policy denying plaintiff access to the programs, services, activities, and reasonable accommodations is in violation of the rights ensured under the ADAAA and RA;

(b).    Plaintiff is a qualified individual with a disability as definded within the ADAAA and RA;

(c).    Plaintiff was excluded from participating in the programs, services, and activities;

(d).    An injunction ordering Defendants Wetzel, Silva, Sorber, Sipple, Clark, Huner, Varner, A. West, and L. West to grant plaintiff's accommodation request in the form of medical Z-Code status and/or medical handicap cell status;

(e).    Compensatory damages against Defendants Wetzel, Silva, Sorber, Sipple, Clark, Huner, Varner, A. West, and L. West jointly and serverally for each day that plaintiff has been unable to receive accommodation and on double celling status;

(f).    Compensatory damages against Defendants Wetzel, Silva, Sorber, Sipple, Clark, Huner, Varner, A. West, and L. West for each day that plaintif was unbale to receive a reasonable accommodation and remained on double celling status;

(g).    Nomanal damages;

(h).    Punitive damages against Defendants Wetzel, Silva, Sorber, Sipple, Clark,

Huner, Varner, A. West, and L. West;

(j).    Reasonable attorney;s fees and plaintiff's costs in this suit;

(k).    Any additional relief this Court deems just, proper, and equitable.

I Jori Britt, herby swear under the penalty of perjury that all facts, claims, and/or matter

stated herein is true, correct and not misleading pursuant to 18 Pa C.S. § 4904 Executed on this

_____MAY_____ day of _5_ 2022

JORI BRITT
Inst. No. KJ-9477
SCI-Phoenix
Box 244
Collegeville, PA 19426

Respectfully submitted,

JORI BRITT

Dtae _MAY 5, 2022_

**VERIFICATION**

I Jori Britt, the undersigned, do hereby cretify that all of the above statements are true and
correct to the very best of my knowledge, belief and understanding, and further, that I understand
this VERIFICATION, and the statements, contained herein, are made subject to the penalties of
18 Pa.Cons. Stat. Ann § 4904, relating to unsworn falsification to authorities.

Signed: _____    Date: _MAY 5, 2022_

22.02851

4.   I understand that I have a continuing obligation to inform the court of improvement in my financial circumstances which would permit me to pay the cost incurred herein.

5.   I verify that the statements made in this affidavit are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

6.   By my signature hereon, I am authorizing any bank and/or financial institution and/or agency to release any information to the Court for purposes of verification of the information contained in this Petition.

2-18-2022
Date

_____
Petitioner

## ORDER

AND NOW, this _____3.20_____day of _____MARCH_____, 20_22_, upon consideration of the foregoing, it is hereby ORDERED that the Petition to Proceed in Forma Pauperis, in the above matter, is

  X   GRANTED as to:

   X   FILING FEE $290.00 FOR THIS FILING ONLY.
        (If Divorce Complaint, additional fees per Count will apply.)

   ___   OUR CHILDREN FIRST SEMINAR FEE for this filing only. ($60.00)

   ___   MEDIATION FEE for this filing only. ($100.00)

   X   Other Sheriff fee _____

  ___   DENIED – Reason

_____

_____

If the underlying action herein is an appeal from a district justice judgment for possession of real estate, the appeal does not operate as a supersedeas unless the appellant complies with PA. R.C.P.D.J. No. 1008B.

BY THE COURT:

_____
J.

2022-02851-0002   3/4/2022 8:29 AM  # 13435659
Rcpt#Z4184408  Fee:$0.00  Order Grant IFP Filing Fees O
Main (Public)
MontCo Prothonotary

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT FOR PENNSYLVANIA

| | |
|---|---|
| JORI BRITT,<br><br>       Plaintiff,<br><br>v.<br><br><br>PENNSYLVANIA DEPARTMENT<br>OF CORRECTIONS, et al.,<br><br>       Defendants. | )<br>)<br>)  CIVIL NO.<br>)  2:22 -cv-01325<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **ORDER**

**AND NOW,** this_____day of May, 2022, upon consideration of the

Complaint, the supporting Affidavits of Plaintiff's and the Memorandum of Law submitted

herewith, it is:

ORDERED that defendants Pennsylvania Department of Corrections, Secretary Wetzel,

Superintendent Sorber, Deputy Sipple, Major Clark, CHCA Huner, Director Silva, Donrine

Varner, Lisa West, and Amanda West, pursuant to Rule 65(a) of the Federal Rules of Civil

Procedure enjoining employees and all other persons acting in conert and participation with

them, issue Plaintiff accommodations in the form of an Medical Z-Code and/or single cell

Handicap Celling, and that Plaintiff remains free from any and all forms of retaliation from

defendants and all persons acting in conert as stated above from transferring Plaintiff to a

different SCI-Facility in an attept to moot Plaintiff's suit in part.

1

It is further ORDERED that the ORDER, and all papers attached to this ORDER, be served upon the defendants by U.S. Marshal Service, and be served on the foresaid Plaintiff by MAY 23 ,2022

By The Court

_____
                ,J.

Date:_____
United States District Judge

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT FOR PENNSYLVANIA**

JORI BRITT,       )
           )
    Plaintiff,    ) CIVIL NO.
           ) 2:22-cv-01325
v.          )
           )
           )
PENNSYLVANIA DEPARTMENT )
OF CORRECTIONS, et. al.,   )
           )
    Defendants.   )

## PLAINTIIFF'S MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Federal Rule of Civil Procedures 65(a), plaintiff moves this Court for a

preliminary injunction for the reasons set forth below.

1. There is a reasonable likeihood that plaintiff will prevail on the merits. Since

December of 2019 defendants have denied plaintiff all access to an reasonable accommodation

and access to an accessible toilet in the form of single cell housing, a medical Z-Code, or

Handlicap celling plaintiff has a diagnosis of various mental & physical impairments such as: (a)

Anitiscial Persoanlity Disorder (b); Depression Disorder (c); Post-Traumatic Stress Disorder due

to being a victim and survivor of a brutal molestation assault (d); Sleep Deficiency Disorder (e);

Learning Disabilty-Disorder (g); suffers from Manic Depression (g); Anxiety; and (h) Digestive

& Bladder complications (See A/C, at 16-17, 18-19, 20-21, 22-23, see also Plaintiff's March 1,

2022, filed Exhibit List hereinafter as Id. Exhibit, see Exhibit A and Amened Complaint).

Plaintiff is substantially limted by his mental & physical impairments disabilities to proform

more then one of life major activities such as: eating, sleeping, thinking, concertrating, normal

digestive & bladder, bowel & urine movements (See A/C, at 19-20, 23). Plaintiff has a record of

having various mental & physical impairments and receives medication for both (See A/C, at

21).  Plaintiff is a qualified individual with a disability pursuant to the ADAAA, RA, & U.S.

Department of Justice as defined persauant to **42 U.S.C § 12102(1), 24 U.S.C § 12102(2)(A)**

**{2018 U.S. Dist. LEXIS 37}, 29 C.F.R. § 1630.2(i)(1)(i) § 1630.2(i)(2), 29 C.F.R. § 1630.2(J)**

**(i), § 1630.2(J)(1)(ii), 42 U.S.C. § 12102(3)(A); 29 C.F.R. § 1630.2(h)(1)(2011), 28 C.F.R . §**

**35.130(b).** Due to his violent abussive childhood of being brutally molested he is unable to be

housed in a prison cell setting with another man/cellmate and due to this plaintiff has had while

housed at SCI-Phoenix since July 2018, over (25) cellmates in under two (2) years time period

due to having physical & mental impairments which restrict's plaintiff from performing daily

bodily functions & task due to this plaintiff was told to submit a request for (Z-Code) housing

due to Plaintiff  being housed alone while at SCI-Greterford due to his enability to be housed

with another inmate and that as a result of being deined access to participate in the (Z-Code)

and/or handicap celling program plaintiff was omitted into the psychiatric observation cell

"POC" due to concerns for plaintiff's and his cellmate's safety (See A/C, at 16, see also Id.

Exhibit A and Amended Complaint). Plaintiff's mental-illenss impariments substantially restricts

his ability to be housed with or left alone in a room setting with locked doors with another

man/cellmate due to being severely traumatized by being brutailly molested the lasting effects

restrict's plaintiff from partially or fully exposing himself in any way to another man/cellmate

restricting plaintiff from being able to gain access to and/or use the cell-room toilet while a

cellmate is present (See A/C, at 19). This restrict's plaintiff from eating daily and consuming the

required daily nutients recommened by nutritions as an afford of limiting the chances of having

to use the cell-room toilet while a cellmate is present causing plaintiff constant abdominal pains,

exacerbating plaintiff's mental & physical health impairments, constipation digestive diagnosis, and abdominal cramps resulting in plaintiff's constant weight loss, dizziness, detached from interest in life's activities resulting in constant trips to the Medical Sick Call Line for constant abdomenial pains and cramps (See A/C, at 20, 60). Plaintiff has requested reasonable accommodations for an accessible toilet in the form of single cell housing, a medical Z-Code, or Handicap celling but was denied (See Amended Complaint and Exhibits in Complaint). Plaintiff has been involuntary exposed to over 22 cellmates in under two (2) years times and has caused serious injuries on its own and has further complicated the issues above (See Amended Complaint and Id. Exhibits in Complaint). In doing so, defendants have acted with deliberate indifference to substantial risks of serious harm; in violation of plaintiff's rights under the Eighth Amendment and due to defendants failure to granted plaintff's repeated request for an accessible toilet in the form of a single cell, medical Z-code, or handicap celling plaintiff has been deined a range of programs services, and activities; in violation of plaintifff's right under the ADAAA and RA. All defendants were  made aware plaintiff was continuing to be denied accommodations to access of an accessible toilet in the form of a medical single cell or medical (Z-Code) status and being discriminated against because of his physical & mental disabilities and that plaintiff was being subjected to relieving himself  bowle movements in the unit shower in order to gain access to the shower and an accessible toilet (See A/C, at 47-48, see also Id. Exhibits J, K in Amended Complaint). As result, of all defendants failure to accommodate plaintiff suffered undue and ongoing physical & mental harm and was subjected to relieving himself in the unit shower to gain access to the shower and where defendants through his policy directed and authorized all defendants to deny palintiff's repeated accommdation request subjecting plaintiff to physical & mental harm. (See A/C, at 49-50, 51.) Under PADOC policy, plaintiff is not permitted to receive

a medical single cell or medical (Z-Code) status because of his disabilities where as similarly situated inmates with less physical & mental impairments receive medical single cell or medical (Z-Code) staus plaintiff requested for an accessible toilet have been denied (See A/C, at 184-185, 186). Because plaintiff has not received approoriate physical & mental health care in the form of an accessible toilet medical single cell which would provide plaintiff with an accessible tiolet plaintiff's psychological problems are incerased causing him anxiety, loss of sleep, weight loss, panic attacts, forced withheld bowle & urine movements, helplessness, hoplessness, rage and hostility exsposing plaintiff to undue suffering and threat of tangible residual injury (See A/C, at 187-188). Pursuant to the ADAAA, RA and (DOJ) Department of Justice 28. C.F.R. pt. A. at 663(2007) plaintiff shall be provided an accessible toilet & shower and not excluded from programs, activities, or services that are in part supported by federial funding (See A/C, at 189-190). In doing so, there is an ongoing violation to  plaintiff's right under the ADAAA, RA and the Eighth Amendment.

     2.     There is a substantial threat of irreparable harm if the injunction is not granted. As a result of defenadant's continued denial of any form of reasonable accommodation plaintiff was and will continue to suffer serious physical & mental injuries. The denials continue to interfere with plaintiff's daily life at a continual and gradual pace decrasing plaintiff's health and often causing pain. It also places plaintiff at risk of imminent harm due to but not limited to not eating or drinking, fear of falling to sleep, extreme panic attacts, defecating on his self, and forced reguritation as a result of being housed with another inmate, plaintiff suffered substantial harm loss of weight, plantiff's physical & mental health will continue to derteriorating and will also continue to receive inadequate medical care in the form of an accessible toilet and single cell causing digestive complications, embarrassment, intimidation, humiliation, and constant chronic

physical & mental undue injury and a number of other complications. Any remedy at law for plaintiff's injuries would be inadquate.

     3.    The threatened injury to plaintiff outweighs any harm the proposed injunction may cause defendants. The relief that plaintiff seeks an order compelling defendants to perfrom their pre-existing duities under the U.S. Constitution. The proposed relief is narrowly tailored to remedy th eongoing violations of plaintiff's constitutional rights and to prevent the occurrence of further irreparable harm in the future and imminent danger to plaintiff's physical & mental health.

     4.    The public interest will not be disserved by a grant of preliminary injunction. To the contrary, the pubic interest is well served by protecting the constitutional rights of all members.

**Wherefore**, plaintiff requests that upon consideration of this motion, this court order defendants, thier successors, agents, employees and all persons acting in concert with them to provide plaintiff with an aceesable toilet in the form of single cell hosuing, a medical Z-Code, or Handicap celling and for plaintiff to be free from any forms of retaliation in the form of transferring plaintiff to a different SCI-Facility in an attempt to make moot plaintiff's suit in part.

Date: MAY 5 , 2022

                                          Respectfully Submitted
                                          JORI BRITT
                                          Inst. No. KJ-9477
                                          SCI-Phoenix
                                          P.O.Box 244
                                          Collegeville, PA 19426

## **CERTIFICATE OF SEVICE**

I certify that I am this day serving a true and corect copy of the foregoing Motion For

Preliminary Injunction is to the following person/s as indicated below and the manner as follows:

**U.S. Psotal Sevice via First Class Mail (1 copy):**

Matthew Skolnik
Deputy Attorney General
Office of Attorney General
Attorney I.D. No. 89423
1600 Arch Street, Suite 300
Philadelphia, PA 19103

Date MAY 5, 2022

Respectfully Submitted
JORI BRITT
Inst. No. KJ-9477
SCI-Phoenix
P.O.Box 244
Collegeville, PA 19426

-6-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT FOR PENNSYLVANIA

| | |
|---|---|
| JORI BRITT, | ) |
| | ) |
| Plaintiff, | )  CIVIL NO. |
| | )  2:22-cv-01325 |
| v. | ) |
| | ) |
| | ) |
| PENNSYLVANIA DEPARTMENT | ) |
| OF CORRECTIONS et. al., | ) |
| | ) |
| Defendants. | ) |

## PLAINTIIFF'S BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

### I.   INTRODUCTION

Plaintiff Jori Britt, pro se brings this actions seeking damages, declaratory, and injunctive relief against the Pennsylvania Department of Corrections et al,. ("PADOC") fro depriving him of his rights guaranteed by the Americans With Disabilities Act of 2008 and RA.

### A. Standard for preliminary Injunction

This Court for over four decades ago this Court held that to obatain a preliminary injunction the moving party must show as a prerequisite (1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured...if relief is not granted...[In addition,] the district Court, in considering whether to grant a preliminary injunction, should take into account, when the are relevant, (3) the possibility of harm to other interested persons from the grant of denial of the injunction, and (4) the public interest.Del. River Port Auth. v. Transamerican Traailer Transport, Inc., 501 F2d 917, 919-20 (3d Cir. 1974) (citations omiited).

This standard for preliminary equitable relief remains; we have repeated that a district court-in

iys sound discretion-should balance those four factors so long as the party seeking the injunction

meets the threshold on the first two. See, e.g., Oburn v. Shapp, 521 F.2d 142, 147 (3d Cir. 1975)

("[W]hile the bruden rests upon the moving party to make [the first] two requisite showings, the

district court should take into account, when they are relevant, (3) the possibility of harm to other

interested persons from the grant of denial of the imjunction, and (4) the public interest.")

(quotation omitted); In re Arthur Treaher's Franchisee Lit., 689 F.2d 1137, 1143 (3d Cir. 1982)

(same) (quotqtion omitted)); bradley v. Pittsburg Bd. of Educ., 910 F.2d 1172, 1175 (3d. Cir.

1990) ("In order to support a preliminary injunction, plaintiff must show both a likeihood od

success on the merits and a probability of irreparable harm. Additionally, the district court should

consider the effects of the issuance of a preliminary injunction on other interested persons and

the public interest." (citations omitted)); Campbell Soup Co. v. Conagra, Inc., 977 F.2d 86, 90-91

(3d Cir. 1992) (same); BP Chems. Ltd.v. Formosa Chem. & Fibre Corp., 2229 F.2d 254, 263 (3d

Cir 2000) ("A District Court...balances these four factors to determine if an injunction should

issue." (citation omitted)). "Injunction relief should not be granted on an inmate's Eighth

Amendment claims unless there is a threat of future inhumane conditions of confinememnt and

wanton infliction of pain." See GeGido v. Pung, 702 F.Supp. 922 (D.Minn. 1989); see also

McCahon v. Pennsylvania Turnpike Commission, 491 Supp. 2d 522 (M.D. Pa. 2007) (holding to

establish a reasonable probability of success on the merits, the moving party must produce

sufficient evidence to satisfy the essential elements of the underlying cause of action)". In other

cases...Farnam v. walker, 593 F.Supp. 2d 1000 (C.D. Ill. 2009) (holding that Plantiff who

allegedly was not receiving adequate treatment for cystic fibrosis did not have an adequate remedy

at law, supporting the granting of preliminary injunction in his civil action under the Eight

-2-

Amendment alleging deliberate indifference to his medical needs." see also Tara Enterprises, Inc v. Humble, 622 F.2d 400 (8th Cir. 1980) (holding in order to obatain injunction or declatory relief against public official, the must be some indication that they intended to continue the unconstitutional pratice alleged in the complaint)".

## INTRODUCTION & BACKGROUND

Plaintiff Jori Britt, pro se, brings this action seeking damages, injunctive relief and declaratory relief against the Pennsylvania Department of Corrections et al., ("PADOC") for depriving him of rigths guaranteed by the Americans With Disabilities Act of 1990 ("ADA"), Act of 2008 ("ADAAA"), Sub-Section 12131, the Rehabilitation Act Section 504 ("RA"), and the U.S. Constitution Eight Amendment through 42. U.S.C. 1983.

Plaintiff's complaint was filed in State Court Court Common Pleas of Montgomery County, civil cases No. (22-02851) on March 1, 2022, and was served upon the named defendants Sorber, Sipple, and Huner on March 7, 2022. Unop infromating and belief, a copy of the complaint was served upon named defendants Wetzel, Silva, and Amanda West on March 15, 2022.

On April 6, 2022, defendant filed a motion to remove Plaintiff's action from Montgomery County Court of Common Pleas to this Court (ECF No.1.) and on April 6, 2022, defendants also filed a motion for extention of time to answer plaintiff's complaint, defendants motion was granted and giving until April 28, 2022, to file an answer to plaintiff's complaint.

On April 17, 2022, Plaintiff filed his motion for service upon named defendants Major Clark, Seretary Wetzel, Director Silva, and Lisa West and on April 22, 2022 this Court granted Plaintiff motion for service. Plaintiff now moves, to file his motion for preliminary Injunction.

## II. FACTUAL SUMMARY

Plaintiff Jori Britt, pro se, is incarcerated at State Correctioanl Institution at Phoenix ("SCI-Phoenix") since July 2018 (See A/C, at 4). In Novmember 2019, Plaintiff was omitted into a spychiatric observation cell ("POC") aftter being denied to participate in the medical Z-Code program and/or Handicap single cell program or service (See A/C, at 16 and Plantiff's March 1, 2022, filed Exhibits hereinafter as Id. Exhibit, see Exhibit A). Plaintiff suffers from various physical & mental impairments which substantially limits him from performing essential daily major bodily functions and life activities such as but not limited to: eating & drinking, digestive & bowel complications, Post Traumatic Stresst Disorder due to a brutal molested assualt against plaintiff rendering plaintiff enable to be housed with another inmate or gain access to an accessible toilet while in the presents of another man/cellmate preventing plaintiff from being hosued with a cell/mate (See A/C, at 17-18, 19). Out of fear of being forced to regurgitating and defecating on his self due to being unable to use the cell's toilet in the persents of a cellmate plaintiff reframes from but not limited to: eating & drinking, casuing plantiff weight loss, painful digestive complications, abnormal bowel & urine complications resulting in abdominal pains and forced sickness (See A/C, at 20-21, 22-23, 24). On March 18, 2014 and in August 2019, the Pennsylvania Deparntment of Corrections released Memorandum to all Pennsylvania Department of Correctional Facilities ("PADOC") due to prison over-crowdness prohibiting inmates with mental disabbilities from participating in the Z-Code program due to bed space availability excluding inmates who are mentally-ill from participating in the Z-Code program (See A/C, 25-26, see also Id. Exhibt "B", "C"). Throughout 2018-2022, Plaintiff continued to experience server pain and substantial difficulty being housed with another inmate which to date amounts to over (25) different cellmate since being housed at SCI-Phoenix, as evidenced by plaintiff's repeated request for accommodations with an accessible toilet in the form of a medical Z-Code

and/or single cell handicap Celling and despite his obvious need for housing accommodations that were and are readily avaiable at SCI-Phoenix, such as medical Z-Code Cells and/or Handicap locted closer to buildings where programs and services took place, PADOC staff failed to provide plaintiff with any accommodations (See A/C, 27-28). Plaintiff repeatdly requested accommodations and made all defendants aware plaintiff has been subjected to having over at that time (22) different cellmates on multiple occasions thorugh every method avaible to him, including but not limited to plantiff's family members contacting Defendant Wetzel's office directly vai emails, telephone calls, and U.S. First Class mailing service, all which were ignored or denied (See A/C, at 30-31, 32-33, 34-35, 36-37, 38, see also Id Exhibit "D", "E", "F", "G", "H", "I"). As a result, plaintiff was unable to participate in the medical Z-Code program and/or single cell Handicap Cell service denying him access to an accessible toilet in the form of single cell hosuing assignment, showers, telephone, eating regularly in the dinninng hall, attending religious services, and denied access to his assigned work area resulting in plaintiff being denied a range of other programs, services, and activities (See A/C, at 39-40, 41-42, 43-44, 45-46). On multiple occasions including April 4, 2021, planitiff made all defendats aware he was subjected to having over (22) different cellmates, and being housed with a cellmate exacerbaters plaintiff's mental & physical health but not limited to casuing him anxiety, depression, embarrassment, humiliation, anger, and hostitiy subjecting plaintiff's health and saftey at a substantial risk of undue pain, sufffing, and harm (See A/C, at 47-48, see also Id. Exhibit "J", "K"). In doing so, defendant have acted with deliberate indiffernce to a substantial risk of serious harm: in violation of plaintiff's rights under the Eight Amendment and due to defendants failure to grant plaintiff's repeated accommodations request for an accessible toilet in the form of a Medical Z-Code Celling and/or single cell handicap cell, plaintiff has been denied a range of programs, services,

-5-

and actitivites and continues to be unable to comply with ("PADOC") population Rules without

the accommodation. In doing so, defendants have acted with discrimination, deliberate

indifference, and recklessness to a substantial infliction of physical & mental harm to plaintiff's

physical & mental health: in viloation of plaintiff's rights under the ADAAA and RA.

### III.  ARGUMENT

As discussed at lenght in plaintiff's Amendmend Complaint, Exhibits, Motion for

Preliminary Injunction, Brief in Support of Motiing for Preliminary Injunction, and Plaintiff's

Declaration, is incorporated by reference plaintiff has established vaild Title II, Section 504, and

Eight Amendment claims (See Amended Complaint & Id. Exhibits).

Here, Plaintiff has set forth sufficient facts at the pleading stage and in plaintiff's Motion

for Preliminary Injunction that: (1) Plaintiff has set forth sufficient facts to show a reasonable

probability of eventual success in the litigation, and (2) there is a substantial threat of irreparable

harm if the injunction is not granted, (3) the threated injury to plaintiff outweights any harm to

the proposed injunction may cause defendants, and (4) the public interest will not be disserved by

a grant of preliminary Injunction.

### IV.  CONCLUSION

**WHEREFORE,** for all the reasons cited above, Plantiff respectfull ask that the Motion

for Preliminary Injunction be **GRANTED.**

Date:___MAY 5,_____2022

Respectfully Submitted,

*Jori Briit*
JORI BRIIT
Inst. No KJ-9477
SCI-Phoenix
BOX 244
Collegeville, PA 19426

-6-

## **CERTIFICATE OF SERVICE**

I certify that I this day serving a true and correct copy of the foregoing Brief in Support of

Plaintiff's Motion for Preliminary Injunction is to the following person/s as indicated below and

the manner as follows:

**U.S. Postal Service Via First Class Mail: (1 copy)**

Matthew Skolnik
Deputy Attorney Deneral
Attorney I.D No. 89423
1600 Arch Street, Suit 300
Philadelphia, PA 19103

Date: _____ MAY 5, _____ 2022

Respectfully Submitted,

JORI BRIIT
Inst. No KJ-9477
SCI-Phoenix
BOX 244
Collegeville, PA 19426

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JORI BRITT,

      **Plaintiff,**

v.

PENNSYLVANIA DEPARTMENT
OF CORRECTIONS, et. al.,
      **Defendants.**

CIVIL ACTION

No. 2:22-cv-01325

ORDER TO SHOW

CAUSE FOR AN

PRELIMINARY

INJUNCTION

**ORDER**

    Upon the Complaint, the supporting Affidavits of Plaintiff's, and the Memorandum of Law submitted herewith, it is:

    ORDERED that defendants Pennsylvania Department of Corrections, Secretary Wetzel, Superintendent Sorber, Deputy Sipple, Major Clark, CHCA Huner, Director Silva, Donrine Varner, Lisa West, and Amanda West show cause in room_____of the United States Courthouse Room 2609, 601 Market Street, Philadelphia, PA 19106 on the _____day of_____,20  ,at_____O'Clock, why a Preliminary Injunction should not issue Pursuant to Rule 65(a) of the federal Rules of Civil Procedure enjoining the defendants, their successors in office, agents and employees and all others persons acting in concert and participation with them, from issuing Plaintiff accommodations in the form of an Medical Z-Code and/or Single Cell Handicap Cell.

    It is further ORDERED that the ORDER TO SHOW CAUSE, and all other papers attached to this application, be served upon the defendants by U.S. Marshal Service, and be served on the foresaid Plaintiff by MAY 23, 2022

BY THE COURT

_____
    ,J.

Dtae:_____

UNITED STATES DISTRICT JUDGE

-1-

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JORI BRITT,

       **Plaintiff,**

v.

PENNSYLVANIAN DEPARTMENT

OF CORRECTIONS, et. al.,

       **Defendants.**

CIVIL ACTION

No. 2:22-cv-01325

## PLAINTIFFS DECLARATION IN SUPPORT OF
## MOTION FOR PRELIMINARY INJUNCTION

I, JORI BRITT, Pro se, Plaintiff in the above entitled case in support of Plaintiff's Motion for Preliminary Injunction I have attached Memorandum of Law submitted herewith therefore, and that I believe I am entitled to redress for past and ongoing violations to rights under the eighth Amendment, ADAAA, and RRA.

I declare that the responses which I have made below are true. Since December 2019, and to present date Plaintiff's family members contacted Defendant Wetzel directly, via e-mails, by phone, U.S. and Postal Service requesting accommodations for the Plaintiff in the form Medical Z-Code and/or single cell Handicap cell, all of which were ignored and denied by Defendants.

Plaintiff JORI BRITT, Pro se, is incarcerated at the state Correctional Institution at Phoenix ("SCI-Phoenix") since July 2018 (See Amended Complaint hereinafter AC, 4). In November 2019, Plaintiff was omitted into a psychiatric observation cell ("POC") after being denied to participate in the Medical Z-Code and/or Single Cell program and service (See AC, at 16 see also March 1, 2022 filed Exhibits "A" hereinafter Id. Exhibit). Plaintiff suffers from various physical & mental impairments which substantially limits him from performing essential daily major bodily functions and life activities such as eating, sleeping, digestive & bowel complications, Post Traumatic Stress Disorder due to a brutal molested assault against Plaintiff rendering Plaintiff enable to have access to accessible toilet while in the presents of another man/cellmate preventing Plaintiff from being housed with a cellmate (See AC, at 17-18, 19). Out of fear of being forced to regurgitating and defecating on his self due to being unable to use the toilet located in the cell in the presents of a cellmates Plaintiff reframes from eating and drinking causing

Plaintiff weight loss, painful digestive complications, abnormal bowel & urine complications resulting in abdominal pain and sickness (See AC, at 19-20, 21-22, 23-24). On March 18, 2014 and in August 2019, the Pennsylvania Department of Corrections released Memorandum to all ("PADOC'S") Institutions due to prison over-crowdness prohibiting inmates' with mental impairments from participating in the Z-Code program due to bed space availability excluding the mentally-ill from participating in the Z-Code program (See AC, at 24-25, 26 see also Id. Exhibits "B" "C"). Throughout 2018-2022, Plaintiff continues to experience server pain and substantial difficulty being housed with another man/cellmate, as evidenced by Plaintiff's repeated request for accommodations with access to an accessible toilet in the form of a Medical Z-Code cell and/or Single Cell Handicap Celling and despite his obvious need for housing accommodations that were and are readily available at Phoenix ("SCI-Phoenix"), such as medical Z-Code Cells and/or Single Cell Handicap Cells located closer to buildings where programs and services took place, ("PADOC") staff failed to provide Plaintiff with any accommodations (See AC, at 27-28, 29). Plaintiff requested accommodations and made defendants aware Plaintiff has been subjected to having over (22) different cellmates on multiple occasions through every method available to him, including but not limited to Plaintiff's family members contacting defendant Wetzel's officer directly via, e-mails, phone calls, and U.S. Postal Service, all which were ignored or denied (See AC, at 30-31, 32-33, 34-35, 36-37, 38, see also Id. Exhibits "D", "E", "F", "G". "H", "I"). As a result, Plaintiff was unable to participate in the medical Z-Code Program and/or single cell handicap cell service denying Plaintiff access to an accessible toilet in the form of single celling, shower, phone, eating regularly in the dinning hall, attending religious services, denied access to Plaintiff's assigned work area (See AC, at 39-40, 41-42, 43-44, 45-46). On multiple occasions including April 4, 2021, Plaintiff made defendants aware he was subjected to having over (22) different cellmates, and being housed with a cellmate exacerbates Plaintiff's mental & physical health condition causing him anxiety, depression, embarrassment, humiliation, anger, and hostility subjecting Plaintiff to a substantial risk of undue pain, suffering and harm (See AC, at 47-48 see also Id. Exhibits "J", "K"). In doing so, defendants have acted with deliberate indifference to a substantial risk of serious harm: in violation of Plaintiff's rights under the Eighth Amendment. Due to defendants failure to Grant Plaintiff;s repeated request for an accessible toilet in the form of medical Z-code cell and/or single handicap Cell Plaintiff has been discriminated against due to his mental impairments and denied a range programs, services, and activities and continues to be unable to comply with ("PADOC") population rules without the accommodation. In doing so, defendants have

-3-

acted with discriminating, deliberate indifference & recklessness to a substantial infliction of physical & mental harm to plaintiff's person: in violating of Plaintiff's rights under the ADAAA and RA. The nature of Plaintiff's confinement in a double cell setting housed with another inmate as described above exacerbates his physical & mental health condition and as long as he remains placed on double cell statue and housed with another inmate plaintiff's physical & mental health condition will worsen and his serious medical needs will not receive proper treatment. As Plaintiff physical & mental health condition worsens, he will be more and more unable to comply with population rules and will not be eligible to gain access to programs, services, and activities (See AC, at 200-2001). By virtue of their office and authority all defendants have the power to ensure that medical and prison staff are not deliberately indifferent to Plaintiff's serious physical & mental health and disability needs (See AC, at 203).

Here Plaintiff has set forth sufficient facts to support his respectful request for Preliminary Injunction and showed that (1) there a reasonable probability of eventual success in the litigation, and (2) there is a substantial threat of irreparable harm if the injunction is not granted, (3) the threatened injury to Plaintiff outweighs any harm to the proposed injunction may cause defendants, and (4) the pubic interest will not be disserved by a grant of preliminary injunction.

I understand that a false statement in this declaration will subject me/Plaintiff to the penalties of perjury.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this ___5___ day of ___MAY___ 2022

Respectfully Submitted,

JORI BRITT

Inst. No KJ-9477

SCI-Phoenix

P.O Box 244

Collegeville, PA 19426

CERTIFICATE OF SERVICE

I certify that i am this day serving a true and correct copy of the foregoing Declaration in Support of Plaintiff's Motion for Preliminary Injunction to the following person/s as indicated below and in the manner as follows:

-4-

U.S. Postal Service via First Class mail (1 copy):

Matthew Skolnik

Deputy Attorney General

Office of Attorney General

Attorney I.D. No. 89423

1600 Arch Street, Suit 300

Philadelphia, PA 19103



Date: MAY 5,          2022

U.S. Postal Service via First Class mail (1 copy):

Matthew Skolnik

Office of Attorney General

Office of Attorney General

Attorney I.D. No. 89423

1600 Arch Street, Suit 300

Philadelphia, PA 19103

Respectfully Submitted,

JORI BRIIT

Inst. No KJ-9477

SCI-Phoenix

BOX 244

Collegeville, PA 19426

-5-

Jori Britt, KJ-9477
SCI-Phoenix
Box 244
Collegeville, PA 19426

PA DEPARTMENT OF
CORRECTIONS
INMATE MAIL

neopost
05/06/2022
US POSTAGE $003.36

ZIP 19426
041M12252211

To: Clerk of Court, EDPa

James A. Byrne U.S. Courthouse
Room 2609

601 Market Street
Phila, PA 19106


RECEIVED
MAY 9 2022