IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORI BRITT, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 22-1325 |
| | : | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, *et al.*, | : : | |
| Defendants. | : | |

# ORDER

AND NOW, this _____ day of _____, 2022, upon consideration of Defendants Secretary Wetzel, Superintendent Sorber, Deputy Sipple, CHCA Huner, Director Silva, Dorina Varner, and Amanda West's Motion to Partially Dismiss Plaintiff's Amended Complaint and Plaintiff's response thereto, IT IS HEREBY ORDERED that the Motion is **GRANTED**. IT IS FURTHER ORDERED as follows:

1. Counts III and IV of Plaintiff's Amended Complaint are DISMISSED with prejudice;

2. The portions of Counts I and II of the Amended Complaint which Plaintiff filed against the above-identified Defendants in their official capacities are DISMISSED with prejudice;

3. Defendants must file an answer to the remaining individual capacity claims in the Amended Complaint within ___ days of this Order.

**BY THE COURT:**

_____
Paul S. Diamond, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORI BRITT, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 22-1325 |
| | : | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, *et al.*, | : : | |
| Defendants. | : | |

## DEFENDANTS WETZEL, SORBER, SIPPLE, HUNER, SILVA, VARNER, AND AMANDA WEST'S MOTION TO PARTIALLY DISMISS AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants Secretary Wetzel, Superintendent Sorber, Deputy Sipple, CHCA Huner, Director Silva, Dorina Varner, and Amanda West (collectively, the "Individual Defendants"), by their undersigned counsel, hereby move that Counts III and IV of Plaintiff Jori Britt's Amended Complaint (Doc. No. 12) be dismissed in their entirety and that the 'official capacity' claims against the Individual Defendants in Counts I and II be dismissed. The reasons for this Motion are set forth in the accompanying memorandum of law.

Respectfully submitted,

JOSH SHAPIRO
Attorney General

Date: June 3, 2022

By: */s/ Matthew Skolnik*

Matthew Skolnik
Deputy Attorney General
Attorney I.D. No. 89423

Office of Attorney General
1600 Arch Street, Suite 300
Philadelphia, PA 19103
Phone: (215) 560-2136
Fax:     (717) 772-4526
mskolnik@attorneygeneral.gov

Karen M. Romano
Chief Deputy Attorney General
Civil Litigation Section

*Counsel for Defendants/Movants*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORI BRITT, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 22-1325 |
| | : | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**INDIVIDUAL DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO PARTIALLY DISMISS AMENDED COMPLAINT**

Defendants Secretary Wetzel, Superintendent Sorber, Deputy Sipple, CHCA Huner, Director Silva, Dorina Varner, and Amanda West (collectively, the "Individual Defendants") respectfully submit this memorandum of law in support of their Motion to Partially Dismiss Plaintiff's Amended Complaint.

**I.     RELEVANT FACTS**

Because the present Motion is limited to two narrow issues, we address only those factual allegations which are material to Counts III and IV of the Amended Complaint and to Plaintiff's 'official capacity' claims against the Individual Defendants.

Plaintiff Jori Britt, who is proceeding *pro se*, is an inmate confined at State Correctional Institution Phoenix. Am. Compl. (Doc. No. 12), ¶ 4. Plaintiff has been diagnosed with several medical and mental health conditions, including but not limited to PTSD. *Id.*, ¶ 18. As a result of his PTSD, *inter alia*, Plaintiff is unable to use the bathroom in the presence of a cell mate. *Id.*, ¶ 19. Plaintiff's medical and/or mental health conditions negatively impact his eating and sleeping and cause "digestive & bowel complications among other things." *Id.*, ¶ 23.

On December 1, 2019, Plaintiff requested a "handicap cell" or Z-Code status, which he appears to believe are equivalent. *Id.*, ¶¶ 60, 107. Defendants Huner and Sipple either failed to respond to Plaintiff's request or denied it by March of 2020. *Id.*, ¶¶ 62-63. Either way, Plaintiff's request for a single cell was denied by defendant Huner no later than June 1, 2020. *Id.*, ¶ 109 (citing Pl.'s Ex. Z).[1] The denial of Plaintiff's request for a single cell was made despite Ms. Huner's knowledge of Plaintiff's physical and mental health diagnoses. *Id.*, ¶ 119.

Plaintiff repeated his requests for a single cell, which Ms. Huner "continued to deny." *Id.*, ¶ 111, 112. Defendant Superintendent Sorber concurred with the denial of a Z code on July 28, 2020. *Id.*, ¶ 133 (citing Pl.'s Ex. E-E (Doc. No. 1-4, at 149)). As a result, Plaintiff suffered weight loss and other conditions specified in ¶¶ 129, 137, 150, 160, 188 and elsewhere in the Amended Complaint.

Plaintiff's medical and mental health conditions are "exacerbate[d]" by the plaintiff being in a double cell rather than a single cell. *Id.*, ¶ 200. Plaintiff made the Individual Defendants aware of the impact of "their failure to grant Plaintiff's request for accommodations" on multiple occasions. *Id.*, ¶ 204.

## II.     STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(6), following the Supreme Court decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009), pleadings standards in federal court have shifted from simple notice pleading to a more heightened form of pleading that requires a plaintiff to plead more than the possibility of relief to survive a motion to dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009); *Phillips v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008).

---

[1] This and other paragraphs of the Amended Complaint cite to exhibits to Plaintiff's original Complaint, which were docketed by Defendants when they removed this action and are attached to Doc. No. 1-4.

It is "no longer sufficient to allege mere elements of a cause of action; instead a complaint must allege facts suggestive of the proscribed conduct." *Id.* at 233 (citing *Twombly*) (cleaned up). Thus, when presented with a motion to dismiss for failure to state a claim, the district court should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The court accepts the complaint's well-pleaded facts as true but should disregard legal conclusions. *Iqbal*, 556 U.S. at 678-79. Second, the court determines whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* A complaint must do more than allege the plaintiff's entitlement to relief; it must "show" such an entitlement with its facts. *Id.*; *see Phillips*, 515 F.3d at 234-35; *Santiago v. Warminster Twp.*, 629 F. 3d 121, 130 (3d Cir. 2010). A plaintiff's allegations that supervisory defendants allowed for the "mere possibility of misconduct" are insufficient as a matter of law. *Id.* at 133 (quoting *Iqbal*, 129 S.Ct. at 1949-50). In ruling on a motion to dismiss under Rule 12(b)(6), a court should "draw on its judicial experience and common sense" and dismiss claims where the facts merely suggest a possibility of liability, rather than "plausibly establish" it. *Iqbal*, 129 S.Ct. at 1950-51.

### III.   ARGUMENT

#### A.   Movants Are Not Proper Defendants to ADA and Rehabilitation Act Claims.

In Counts III and IV, Plaintiff sues the Individual Defendants[2] under Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131-12134 and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. Title II of the ADA prohibits discrimination "by reason of" a qualified individual's disability in the "services, programs, or activities of a public entity." 42 U.S.C. § 12132. Similarly, "Section 504 of the Rehabilitation Act prohibits discrimination on the

---

[2] Defendant PA-DOC is not named as a defendant under any Count.

basis of disability in federally funded programs or activities." *Koslow v. Com. of PA*, 302 F.3d 161, 168 (3d Cir. 2002); *see* 29 U.S.C. § 794(b).

None of the Individual Defendants are plausibly alleged to be "public entities" within the meaning of ADA Title II or "programs or activities" subject to the Rehabilitation Act. Nor could they be. *See Kokinda v. Pa. Dep't of Corr.*, 779 Fed. Appx. 938, 942 (3d Cir. 2019) (per curiam) ("claims for individual damages liability under Title II of the ADA fail for the simple reason that there is no such liability"); *Emerson v. Thiel Coll.*, 296 F.3d 184, 189 (3d Cir. 2002) (stating, in dicta, "that individuals are not liable under Titles I and II of the ADA" for discrimination); *Williams v. Hayman*, 657 F. Supp. 2d 488, 502 (D.N.J. 2008) ("Nearly every court that has addressed the question appears to have held that Title II does not authorize suits against government officers in their individual capacities.") (citing case law); *see also Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000) ("there is no personal liability under Title II" for money damages). Specifically with respect to the Rehabilitation Act, the Third Circuit has made clear that "[s]uits may be brought pursuant to Section 504 against recipients of federal financial assistance, but not against individuals." *A.W. v. Jersey City Pub. Sch.*, 486 F.3d 791, 804 (3d Cir. 2007) (citing *Emerson*, 296 F.3d at 190 (3d Cir. 2002)). *See also Frederick L. v. Dep't of Pub. Welfare*, 157 F. Supp. 2d 509, 531 (E.D. Pa. 2001) ("as a general matter, suits brought against individuals in their individual capacities are not properly brought under the ADA or section 504") (citing numerous cases). It is well-established that "the Rehabilitation Act and the ADA generally are [to be] interpreted consistently." *Emerson*, 296 F.3d at 189 (citing 28 C.F.R. § 36.103).

In addition to seeking injunctive relief, which is the subject of Plaintiff's now-pending motion, Counts III and IV of the Amended Complaint include demands for, *inter alia*,

4

compensatory damages and punitive damages against all Individual Defendants. Am. Compl., ¶¶ 212(g), (i) & 214(e), (f), (h).[3] In the light of the foregoing authority, Plaintiff's ADA and Rehabilitation Act claims against the Individual Defendants should be dismissed with prejudice.

  **B. The Individual Defendants are not 'Persons' subject to Section 1983.**

Section 1983 provides a cause of action against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The statute "is not itself a source of substantive rights, but [rather] a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a claim, a plaintiff must show that the defendants acted under color of state law, that they violated the plaintiff's federal constitutional or statutory rights, and that the violation of rights caused injury. *Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005). Counts I and II of the Amended Complaint constitute Eighth Amendment claims purportedly brought pursuant to § 1983.

Per the face of the caption and paragraphs 5-7, 9-11, and 13 of the Amended Complaint, it is clear that the Individual Defendants have been sued under 42 U.S.C. § 1983 in their official (as well as individual) capacities. These claims must fail, as state employees in their official capacities are not considered "person[s]" amenable to suit for purposes of a damages claim under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 69-71, & n.10 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); *see also Zelinski v. PA State Police*, 282 F.Supp.2d. 251, 264 n.14 (M.D. Pa. 2003), *aff'd in part,*

---

[3] Plaintiff clarified the numbering of these paragraphs in Doc. No. 14.

*vacated in part on other grounds*, 108 Fed. Appx. 700 (3d Cir. 2004) (same).[4] Under *Will*, and as a matter of statutory interpretation, the Individual Defendants are not amenable to suit under 42 U.S.C. § 1983 as they do not meet the definition of "persons" as used in the statute. Therefore, all 'official capacity' claims brought pursuant to § 1983 against the Individual Defendants in Counts I and II must be dismissed.

## IV.   CONCLUSION

For all the foregoing reasons, defendants Secretary Wetzel, Superintendent Sorber, Deputy Sipple, CHCA Huner, Director Silva, Dorina Varner, and Amanda West respectfully request that this Court grant their Motion to Partially Dismiss Plaintiff's Amended Complaint, in the form of Order appended hereto.

Respectfully submitted,

JOSH SHAPIRO
Attorney General

Date: June 3, 2022          By:    */s/ Matthew Skolnik*

Matthew Skolnik
Deputy Attorney General
Attorney I.D. No. 89423

Office of Attorney General
1600 Arch Street, Suite 300
Philadelphia, PA 19103
Phone: (215) 560-2136
Fax:    (717) 772-4526
mskolnik@attorneygeneral.gov

Karen M. Romano
Chief Deputy Attorney General
Civil Litigation Section

*Counsel for Individual Defendants*

---

[4] To avoid confusion, the Individual Defendants are *not* invoking Eleventh Amendment immunity, which was waived by removal. *See Lombardo v. Pa., Dep't of Pub. Welfare*, 540 F.3d 190, 198 (3d Cir. 2008) ("while voluntary removal waives a State's immunity from suit in a federal forum, the removing State retains all defenses it would have enjoyed had the matter been litigated in state court, including immunity from liability.").

## CERTIFICATE OF SERVICE

I, Matthew Skolnik, hereby certify that the foregoing Defendant's Motion to Partially Dismiss Plaintiff's Amended Complaint with memorandum of law has been filed electronically on June 3, 2022, is available for viewing and downloading from the Court's Electronic Case Filing system, and is being mailed to Plaintiff, via first class mail, as follows:

Smart Communications/PA DOC
**Jori Britt/KJ-9477**
SCI Phoenix
P.O. Box 33028
St. Petersburg, FL 33733


                                                   *s/ Matthew Skolnik*
                                                   MATTHEW SKOLNIK
                                                   Deputy Attorney General