IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORI BRITT, | : | |
|         Plaintiff, | : | CIVIL ACTION |
| | : | |
|         v. | : | No. 22-1325 |
| | : | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, *et al.*, | : : | |
|         Defendants. | : | |

## ORDER

AND NOW, this _____ day of _____, 2022, upon consideration of Plaintiff's Motion for Preliminary Injunction and Defendant Pennsylvania Department of Corrections' response in opposition thereto, IT IS HEREBY ORDERED that Plaintiff's Motion is **DENIED**.

                                                        **BY THE COURT:**

                                                        _____
                                                        Paul S. Diamond, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORI BRITT, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 22-1325 |
| | : | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, *et al.*, | : | |
| Defendants. | : | |

**DEFENDANT PA DEPARTMENT OF CORRECTIONS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Defendant Pennsylvania Department of Corrections ("PA-DOC") respectfully submits this brief in opposition to Plaintiff's Motion for Preliminary Injunction (Doc. No. 12 at 49-66).

**I.      INTRODUCTION AND PROCEDURAL BACKGROUND**

Plaintiff's present motion (hereafter "Pl.'s Motion") was attached to his Amended Complaint (Doc. No. 12), which was deemed filed on May 20, 2022.[1] *See* Order of Hon. Paul S. Diamond (Doc. No. 16), ¶ 1. Plaintiff now seeks the extraordinary remedy of a preliminary injunction, **two and a half years after** the conduct complained of: the denial of a single cell or "Z-Code," which Plaintiff alleges first occurred either November 20, 2019 (*see* Am. Compl., ¶ 16) or in December, 2019. Pl.'s Motion, at 49, ¶ 1.

PA-DOC is named in the caption of Plaintiff's original complaint and his Amended Complaint, but is not a party to Counts I through IV of either pleading. Under the more liberal construction afforded *pro se* litigants, *see Atun El v. U.S.*, C.A. No. 13-3970, 2014 WL 1281230, at *1 (E.D. Pa. Mar. 31, 2014) (citing *Haines v. Kerner*, 404 U.S. 519 (1972)), Plaintiff's Motion arguably could be viewed as alleging an unpleaded Count V of the Amended Complaint, against

---

[1] Thus, all herein page references to "Pl.'s Motion" refer to the 67-page filing docketed at ECF No. 12.

PA-DOC only. But regardless of whether Plaintiff's Motion is deemed to relate to an operative claim, Plaintiff has failed to meet the high standard for injunctive relief in the prison context, which is governed by, *inter alia*, the Prison Litigation Reform Act's "substantial weight to any adverse impact on . . . [prison] operation[s.]" 18 U.S.C. § 3626(a)(2).

## II.   RELEVANT FACTS

Plaintiff Jori Britt has been an inmate confined at State Correctional Institution Phoenix since July of 2018. *See* Doc. No. 12, at 58 (citing Am. Compl., ¶ 4). Plaintiff has been diagnosed with several medical and mental health conditions, which "substantially restrict[] his ability to be housed with or left alone in a room setting with locked doors with another man/cellmate …" Pl.'s Motion, at 50, ¶ 1 (citing Am. Compl., ¶ 19).

In November of 2019, Plaintiff's request for a Z-Code or "Single Cell program and service" was denied. Pl.'s Motion, at 63 (Declaration) (citing Am. Compl., ¶ 16). Instead, Plaintiff was temporarily admitted into a psychiatric observation cell ("POC"). *See id.* Although it is unclear exactly when Plaintiff was released from the POC, in the roughly two years since he has had more than 22 cellmates against his wishes for a single cell and has been "involuntar[ily] expos[]ed" to them as a result. Pl.'s Motion at 51, ¶ 1. This ongoing double-celling has "further complicated" Plaintiff's mental and physical impairments. *Id.* Plaintiff's subsequent requests for a single cell also were denied by "all defendants." *Id.* (citing Am. Compl., ¶¶ 49-51).

## III.   STANDARD OF REVIEW

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain a preliminary injunction, the movant must establish: "(1) a likelihood of success on the merits; (2) that [he] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to

the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004).

Since 2017, it has been the law of the Third Circuit that the first two elements are "gateway" factors, as follows:

> a movant for preliminary equitable relief must meet the threshold for the first two "most critical" factors: it must demonstrate that it can win on the merits (which requires a showing significantly better than negligible but not necessarily more likely than not) and that it is more likely than not to suffer irreparable harm in the absence of preliminary relief. If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief.

*Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017) (as amended 6/26/2017). "A plaintiff's failure to establish any element in [his] favor renders a preliminary injunction inappropriate." *Nutrasweet Co. v. Vit-Mar Enters.*, 176 F.3d 151, 153 (3d Cir. 1999).

## IV. ARGUMENT

Due to "the 'complex and intractable problems of prison administration,' a request for injunctive relief in the prison context calls for caution and judicial restraint." *Brathwaite v. Phelps*, 602 Fed. Appx. 847, 849 (3d Cir. 2015) (quoting *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)). To that end, the Prison Litigation Reform Act ("PLRA") expressly "limits the authority of courts to enjoin the exercise of discretion by prison officials." *Nguien v. Pa. Dep't of Corr.*, C.A. No. 18-0209, 2022 WL 60344, at *2 (W.D. Pa. Jan. 6, 2022). Specifically, the PLRA mandates that:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and **be the least intrusive means necessary to correct that harm**. The court shall give **substantial weight to any adverse impact on public safety or the operation of a criminal justice system** caused by the preliminary relief.

18 U.S.C. § 3626(a)(2) (emphasis added).

3

Here, Plaintiff has not met the above exacting standards for obtaining preliminary injunctive relief. It is well-established that "[t]he purpose of a preliminary injunction is to preserve the status quo, not to decide the issues on their merits." *Anderson v. Davila*, 125 F.3d 148, 156 (3d Cir. 1997). In his underlying Amended Complaint, Plaintiff ultimately seeks, albeit against other defendants[2], "[a]n injunction . . . in the form of medical Z-Code status and/or medical handicap cell status." Am. Compl. ¶¶ 211, 215(d).

Plaintiff's chief complaint is that he is housed in a cell with another inmate, an arrangement Plaintiff acknowledges has been in place since at least November 2019, if not since July 2018. *See* Pl.'s Brief at 4 (citing Am. Compl., ¶¶ 4, 16). Plaintiff seeks not to preserve the housing arrangement he has had for the last three or four years, but to immediately impose a new, mandatory requirement that PA-DOC provide him with his own cell SCI-Phoenix. It well-settled that "when the preliminary injunction is directed not merely at preserving the status quo but . . . at providing mandatory relief, the burden on the moving party is particularly heavy." *Punnett v. Carter*, 621 F.2d 578, 582 (3d Cir. 1980). Rather than meeting this burden, Plaintiff's Motion seeks to short-circuit the judicial (not to mention correctional) process and have this Court essentially declare him the prevailing party. The Third Circuit, in contrast, has upheld the denial of a preliminary injunction where, as here, the injunction "would have the effect of granting a substantial portion of the relief sought in the plaintiff's complaint." *Punnett*, 621 F.2d at 582 (3d Cir. 1980).

In *Macchione v. Coordinator Adm'r in Washington, D.C.*, 591 Fed. Appx. 48, 50 (3d Cir. 2014), the plaintiff made a similar request for an injunction requiring the prison to provide him with a single cell. The Third Circuit affirmed the district court's denial of a preliminary injunction, agreeing that the plaintiff inmate failed to show a substantial likelihood of success on

---

[2] The Individual Defendants have moved to partially dismiss the Amended Complaint (Doc. No. 18).

the merits because "it is well established that double celling in prisons is not per se unconstitutional." *Id.* (citing, *inter alia*, *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir.1996)). Just like in *Macchione*, Plaintiff simply being housed in a double cell is presumed to be for legitimate penological reasons and, in and of itself, fails to establish a likelihood of success on the merits. *Id.* (citing 18 U.S.C. § 3626(a)(2)).

Further, Plaintiff cannot show that he will be irreparably harmed in the absence of a preliminary injunction. Such harm "must be both real and immediate, not conjectural or hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983) (internal quotation omitted). In part, Plaintiff fails to meet this burden because the "ultimate issue presented" regarding his cell status will be decided through the course of this litigation. *See Messner v. Bunner*, C.A. No. 07-112, 2009 WL 1406986, at *5 (W.D. Pa. May 19, 2009) (denying a prisoner's request for a preliminary injunction restoring his "z-code," or single cell, status). Plaintiff also fails to show irreparable harm due to his two and a half year-long (at least) request for a single cell. At least one district court has cited with approval a Federal Circuit opinion noting, "delay in seeking a preliminary injunction 'at least suggests that the status quo does not irreparably damage' the moving party." *Am. Beverage Corp. v. Diageo N. Am., Inc.*, 936 F. Supp. 2d 555, 610-11 (W.D. Pa. 2013) (quoting *Nutrition 21 v. United States*, 930 F.2d 867, 872 (Fed.Cir. 1991)). To the extent Plaintiff will be harmed by the denial of an injunction, it is no different from the harm which, per the unproven allegations of his pleadings, allegedly has already occurred.

Thus, Plaintiff cannot establish either of the two "gateway" factors and this Court need not reach the third or fourth factors. But, when taking into account the adverse impact an order requiring Plaintiff immediately be moved into his own cell would have, the public interest weighs against granting a preliminary injunction in this case. Single cells are not easy to come

by, and requiring PA-DOC to immediately locate one for Plaintiff would certainly exacerbate the "complex and intractable problems of prison administration," causing greater harm to prison operations. *See Brathwaite*, 602 Fed. Appx. at 849. The issues regarding Plaintiff's housing assignment can and should be resolved through the ordinary course of litigation (subject to the Individual Defendants' defenses and pending motion to dismiss). This Court should exercise the judicial restraint required by the PLRA and deny Plaintiff's request for a preliminary injunction.

Finally, granting Plaintiff's Motion would result in even greater harm to the nonmoving party. The PLRA's deference to prison officials' judgment in the day-to-day operations of SCI-Phoenix would be undermined if not violated. *See* 18 U.S.C. § 3626(a)(2). The statute also provides that any preliminary injunctive relief "shall automatically expire" after 90 days, absent special circumstances/findings, which would put Plaintiff back into the same double-celled status he has been for the last several years – once again showing that the status quo would only be preserved by <u>denying</u> preliminary injunctive relief. *See Punnett*, 621 F.2d at 582.

## V.  CONCLUSION

For all the foregoing reasons, defendant Pennsylvania Department of Corrections respectfully requests that this Court deny Plaintiff's Motion for Preliminary Injunction.

                Respectfully submitted,

                JOSH SHAPIRO
                Attorney General

Date:  June 3, 2022        By:  */s/ Matthew Skolnik*

                                    Matthew Skolnik
Office of Attorney General          Deputy Attorney General
1600 Arch Street, Suite 300         Attorney I.D. No. 89423
Philadelphia, PA 19103
Phone: (215) 560-2136             Karen M. Romano
Fax:    (717) 772-4526             Chief Deputy Attorney General
mskolnik@attorneygeneral.gov    Civil Litigation Section

                                    *Counsel for Defendant, PA Dep't of Corrections*

## CERTIFICATE OF SERVICE

I, Matthew Skolnik, hereby certify that the foregoing Defendant PA-DOC's Brief in Opposition to Plaintiff's Motion for Preliminary Injunction has been filed electronically on June 3, 2022, is available for viewing and downloading from the Court's Electronic Case Filing system, and is being mailed to Plaintiff, via first class mail, as follows:

    Smart Communications/PA DOC
    **Jori Britt/KJ-9477**
    SCI Phoenix
    P.O. Box 33028
    St. Petersburg, FL 33733

                                                *s/ Matthew Skolnik*
                                                MATTHEW SKOLNIK
                                                Deputy Attorney General